[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2009
THOMAS K. KAHN
CLERK

No. 08-11387
Non-Argument Calendar

_____

D. C. Docket No. 06-00544-CV-3-RV-MD

DAVID G. EVANS,

Plaintiff-Appellant,

versus

BRUCE A. MCDONALD,
FLORIDA PROBATE LAW FIRM, P.A.,
d.b.a. Statewide Probate,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 19, 2009)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant David G. Evans appeals the grant of summary judgment in favor of Defendant-Appellee Bruce A. McDonald dismissing Plaintiff's legal malpractice lawsuit.[1] No reversible error has been shown; we affirm.

These facts are undisputed. Plaintiff, then a long-term resident of Florida, retained Lawyer McDonald to probate the will of Plaintiff's late uncle, in Palm Beach County, Florida. The retainer agreement provided that Lawyer McDonald would perform the legal services customarily necessary to probate an estate. Under the terms of the will, Plaintiff was left the entirety of his uncle's estate -- approximately valued at slightly more than one-half million dollars -- except that $25,000.00 was left to Plaintiff's wife. The estate was composed largely of two apartment buildings that Plaintiff's uncle had owned in his individual capacity.

During the probate process, Plaintiff expressed to Lawyer McDonald Plaintiff's frustration with having to probate the estate to receive his inheritance; he inquired whether something could be done to transfer his title to the inherited real estate to avoid probate in the event he predeceased his wife. Lawyer McDonald told Plaintiff of a few options that would avoid probate; Plaintiff chose to title the property jointly with his wife.

---

[1]McDonald's law firm was also a named defendant in the lawsuit.

The estate was administered in accordance with Plaintiff's uncle's will. Deeds for each of the two parcels of real estate were issued to Plaintiff individually. After these deed were recorded, Lawyer McDonald, at Plaintiff's request, prepared a quitclaim deed to both parcels from Plaintiff -- in his individual capacity -- to Plaintiff and his wife, by the entireties. Another attorney was engaged to record the quitclaim deed. Aside from the probate avoidance issue, Lawyer McDonald never advised Plaintiff about the legal consequences of the quitclaim deed and, specifically, never told Plaintiff about possible consequences in the event Plaintiff and his wife were to divorce. Also, Lawyer McDonald made no inquiry into Plaintiff's family circumstances.

Some time in 2004, Plaintiff and his wife moved to Wisconsin. In August 2004, Plaintiff and his wife sold one of the inherited properties; the other was sold in July 2005. The proceeds of both sales were invested. In April 2005, Plaintiff's wife began divorce proceedings in Wisconsin. Under Wisconsin law, absent demonstrable hardship, property received by one spouse as a gift or inheritance is not subject to equitable distribution in a divorce. Inherited property placed under joint title, however, might not be deemed separate under Wisconsin law; non-separate property is subject to a presumption that the property is subject to equal division between spouses in divorce proceedings. See Wisconsin Stat. § 767.61.

Plaintiff maintains that, by titling the inherited properties in the entireties, the amount of assets Plaintiff was required to distribute to his wife in the divorce settlement increased.

Plaintiff brought this malpractice suit alleging that Lawyer McDonald breached the duty to inform Plaintiff of the consequences of titling the property jointly in the event the Plaintiff's marriage later dissolved.[2] The district court determined that summary judgment was due to be granted: Plaintiff -- who had proffered no expert testimony -- could establish no malpractice in this case without expert testimony.[3] We agree.

We review a district court's grant of summary judgment de novo. Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). For summary judgment purposes, we view all facts and draw all reasonable inferences in the light most favorable to Plaintiff, the non-movant; the true facts may prove to be otherwise. See Mangieri v. DCH Healthcare Authority, 304 F.3d 1072, 1073 n.2 (11th Cir. 2002).

---

[2]The complaint charges that Plaintiff was urged by Lawyer McDonald to execute the quitclaim deed. No evidence has been proffered that Lawyer McDonald urged Plaintiff to take this act.

[3]The district court also concluded other grounds for summary judgment advanced by Lawyer McDonald -- based on proximate cause and statute of limitations issues -- were meritorious.

4

To prevail on a legal malpractice claim in Florida, the plaintiff must prove: "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client." Tarleton v. Arnstein & Lehr, 719 So.2d 325, 328 (Fla. App. 1998).

Plaintiff protests that Florida law imposes no absolute requirement that expert testimony be proffered in support of a legal malpractice claim. And Lawyer McDonald concedes that Florida courts have allowed some legal malpractice claims to go to a jury without the benefit of expert opinion. Our review of Florida case law indicates that a legal malpractice plaintiff must present expert testimony to establish the appropriate standard of care (and breach thereof) unless the lawyer's lack of care and skill is so obvious that the trier of fact can resolve the issue as a matter of common knowledge. In Anderson v. Steven R. Andrews, P.A., 692 So.2d 237, 242 (Fla. App. 1997), the defendant lawyer's neglect of a reasonable duty -- to file a notice of appearance -- was clear on the face of the record. In Suritz v. Kelner, 155 So.2d 831, 834 (Fla. App. 1963), the negligence of the attorney -- he directed clients not to answer interrogatories even though the judge had directed the clients to answer on penalty of dismissal -- was apparent from the facts. And a jury can evaluate an attorney's failure to file within the applicable statute of limitations without supporting expert testimony. Galloway

v. Law Offices of Merkle, Bright & Sullivan, P.A., 596 So.2d 1205 (Fla. App. 1992).

But when the facts of the case are such that the duty owed and the applicable standard of care are not common knowledge, expert opinion is necessary to establish a breach. See Willage v. Law Offices of Wallace and Breslow, P.A., 415 So.2d 767 (Fla. App. 1982). In the instant case, no question exists that the estate was probated properly. And no question exists that the quitclaim deed was drafted properly. Lawyer McDonald -- as requested by Plaintiff -- prepared a quitclaim deed that would have allowed Plaintiff's spouse to inherit the properties outside the probate process.

Plaintiff's claim of malpractice goes to advice that Plaintiff claims should have been given him in connection with the quitclaim deed. The duties owed by Lawyer McDonald and the standard of practice applicable to the requested legal services -- what advice about consequences a reasonable practitioner would give under these circumstances -- is not within the common knowledge of a jury;[4] no

---

[4]Tarleton v. Arnstein & Lehr, 719 So.2d 325, Fla. App. 1998), cited by Plaintiff as on "all-fours" with Plaintiff's malpractice claim, addresses the role of expert testimony on the proximate cause element of a malpractice claim; it is inapposite on the standard of practice element of such claims.

6

breach can be shown without expert testimony.[5]

Summary judgment was due to be granted.[6]

AFFIRMED.

---

[5]Plaintiff proffered no expert testimony; he seeks now to rely on testimony proffered by McDonald's expert. Although Plaintiff tries to extrapolate from snippets of that testimony (ignoring context and clarifying statements), no expert testimony supports Plaintiff's claims even when all reasonable inferences are drawn in Plaintiff's favor.

[6]We have no occasion to review the other bases of summary judgment advanced by McDonald and found to be meritorious by the district court.