# Supreme Court of Florida

_____

No. SC17-999
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF APPELLATE PROCEDURE 9.800.**

October 25, 2018

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Rule of Appellate Procedure 9.800 (Uniform Citation System). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Appellate Court Rules Committee (Committee) proposes amendments to rule 9.800 to substantially update the uniform citation formats provided in that rule. The Committee's proposal to amend the rule was first presented to the Court in the Committee's regular-cycle report of proposed rule amendments in *In re Amendments to the Florida Rules of Appellate Procedure— 2017 Regular-Cycle Report*, No. SC17-152 (Fla. report filed Jan. 31, 2017).[1] The

---

1. The Board of Governors of The Florida Bar unanimously approved the proposed amendments. The Court published the amendments to rule 9.800 along

Court, on its own motion, entered an order directing that the proposed amendments to rule 9.800 be severed and addressed in the instant case. *See In re Amends. to Fla. Rules of App. Pro.—2017 Regular-Cycle Report*, No. SC17-152 (Fla. order filed May 31, 2017).

We have fully considered the Committee's proposed amendments. We adopt many of the Committee's proposed amendments. However, we have revised a number of the Committee's proposals.

Accordingly, we amend Florida Rule of Appellate Procedure 9.800 as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2019, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Courtney Rebecca Brewer, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Tampa, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

---

with the other proposals in Case No. SC17-152. No comments were filed addressing rule 9.800.

for Petitioner

**APPENDIX**

**RULE 9.800.        UNIFORM CITATION SYSTEM**

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

(a)    **Florida Supreme Court.**

(1)    1887–present: *Fenelon v. State*, 594 So. 2d 292 (Fla. 1992).

(2)    1846–1886: *Livingston v. L'Engle*, 22 Fla. 427 (1886).

(2)    ~~*Fenelon v. State*, 594 So. 2d 292 (Fla. 1992).~~

(3)    For ~~recent opinions~~cases not ~~yet~~ published in ~~the~~ *Southern Reporter*, cite to *Florida Law Weekly*: *Traylor v. State*, 17 Fla. L. Weekly S42 (Fla. Jan. 16, 1992). If not therein, cite to the slip opinion: *Medina v. State*, No. SC00-280 (Fla. Mar. 14, 2002). With a slip opinion cite, citations to Westlaw: *Singh v. State*, No. SC10-1544, 2014 WL 7463592 (Fla. Dec. 30, 2014), or LEXIS: *Johnston v. State*, No. SC09-839, 2010 Fla. LEXIS 62 (Fla. Jan. 21, 2010), may also be provided.

(b)    **Florida District Courts of Appeal.**

(1)    ~~*Sotolongo v. State*, 530 So. 2d 514 (Fla. 2d DCA 1988);~~*Buncayo v. Dribin*, 533 So. 2d 935 (Fla. 3d DCA 1988); *Sotolongo v. State, 530 So. 2d 514 (Fla. 2d DCA 1988)*.

(2)    For ~~recent opinions~~cases not ~~yet~~ published in *Southern Reporter*, cite to *Florida Law Weekly*: *Myers v. State*, 16 Fla. L. Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: *Fleming v. State*, No. 1D01-2734 (Fla. 1st DCA Mar. 6, 2002). With a slip opinion cite, citations to Westlaw: *Williams v. State*, No. 2D14-2438, 2014 WL 3418358 (Fla. 2d DCA June 12, 2014), or LEXIS: *Minakan v. Husted*, No. 4D09-4439, 2010 Fla. App. LEXIS 288 (Fla. 4th DCA Jan. 20, 2010), may also be provided.

**(c)  Florida Circuit Courts and County Courts.**

(1)  ~~*Whidden v. Francis*, 27 Fla. Supp. 80 (Fla. 11th Cir. Ct. 1966)~~Circuit Court: *State v. Ruoff*, 17 Fla. L. Weekly Supp. 619 (Fla. 17th Cir. Ct. Feb. 13, 2010)

(2)  ~~*State v. Alvarez*, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct. 1975)~~County Court: *Gables Ins. Recovery v. Progressive Am. Ins. Co.*, 22 Fla. L. Weekly Supp. 637 (Miami-Dade Cty. Ct. Oct. 8, 2014).

(3)  For ~~opinions~~cases not published in *Florida Law Weekly Supplement*, cite to ~~Florida Law Weekly Supplement: *State* v. *Ruoff*, 17 Fla. L. Weekly Supp. 619 (Fla. 17th Cir. Ct. Feb. 13, 2010)~~*Florida Supplement* or *Florida Supplement Second*: *Whidden v. Francis*, 27 Fla. Supp. 80 (Fla. 11th Cir. Ct. 1966). If not therein, cite to *Florida Law Weekly*: *State* v. *Cahill*, 16 Fla. L. Weekly C41 (Fla. 19th Cir. Ct. Mar. 5, 1991). If not therein, cite to the slip opinion: *Jones* v. *City of Ocoee*, No. CVAI-93-18 (Fla. 9th Cir. Ct. Dec. 9, 1996). With a slip opinion cite, citations to Westlaw: *Berne v. State*, No. 2006-CA-9772-O, 2009 WL 8626616 (Fla. 9th Cir. Ct. Oct. 26, 2009), or LEXIS: *Alberti v. Gangell*, No. 51-2008-CA-0198-WS/H, 2014 Fla. Cir. LEXIS 55 (Fla. 6th Cir. Ct. Apr. 16, 2014), may also be provided.

**(d)  Florida Administrative Agencies.** ~~(Cite if not in Southern Reporter.)~~

(1)  ~~For decisions of the Public Employees Relations Commission: *Indian River Educ. Ass'n v. School Bd.*, 4 F.P.E.R. 4262 (1978)~~For agency final orders: *Dep't of Health v. Migicovsky*, No. 2011-16915 (Fla. Bd. of Med. Dec. 17, 2012) (Final Order No. DOH-12-2692-FOF-MQA).

(2)  For decisions of the ~~Florida Public Service Commission: *In re Application of Tampa Elec. Co.*, 81 F.P.S.C. 2:120 (1981)~~Division of Administrative Hearings: *Dep't of Fin. Servs., Div. of Ins. Agent & Agency Servs. v. Pearson*, No. 13-4478PL (Fla. DOAH Oct. 15, 2014) (Recommended Order).

~~(3)  For decisions posted on the Division of Administrative Hearings' website: *Big Bend Hospice, Inc. v. Agency for Health Care Administration*, Case No. 01-4415 CON (Fla. DOAH Nov. 7, 2002; Fla. AHCA Apr. 8, 2003).~~

~~(4)  For decisions that are not posted on the Division of Administrative Hearings' website but are reported in the Florida Administrative~~

Law Reports: ~~*Insurance Co. v. Dep't of Ins.*, 2 F.A.L.R. 648-A (Fla. Dep't of Ins. 1980).~~

~~(5)     For orders that are not posted on the Division of Administrative Hearings' website or reported in one of the above reporters: *In re Town of Inglis Petition for Waiver*, Final Order No. 07-0590 (Fla. DEP Apr. 12, 2007) (available from the agency clerk).~~

(3)     To cite a case's subsequent history at the agency and in the courts: *Dep't of Health v. Sabates*, No. 10-9430PL (Fla. DOAH June 23, 2011) (Recommended Order), *adopted with reduced penalty*, No. 2009-06686 (Fla. Bd. of Med. Aug. 29, 2011) (Final Order No. DOH-11-2101-FOF-MQA), *aff'd in part and rev'd in part*, 104 So. 3d 1227 (Fla. 4th DCA 2012).

(4)     Decisions that are not available online may be cited to an administrative law reporter as follows if published therein:

(A)     *Florida Administrative Law Reports*:  *Dep't of Health v. Sabates*, 34 F.A.L.R. 2378 (Fla. Bd. of Med. 2011);

(B)     *Florida Career Service Reporter*:  *Arenas v. Dep't of Corr.*, 25 F.C.S.R. 309 (Fla. Pub. Emp. Rel. Comm'n 2010);

(C)     *Environmental and Land Use Administrative Law Reporter*:  *In re Riverview Pointe, Manatee Cty.*, 2013 E.R. F.A.L.R. 50 at 2 (Fla. Dep't of Envtl. Prot. 2012);

(D)     *Florida Department of Revenue Tax Reporter*:  *Technical Ass't Advm't 09A-049*, 2009 Tax F.A.L.R. 431 (Fla. Dep't of Rev. 2009);

(E)     *Florida Public Employee Reporter*:  *Delgado v. Sch. Dist. of Broward Cty.*, 36 F.P.E.R. 207 (Fla. Pub. Emp. Rel. Comm'n Gen. Counsel 2010;

(F)     *Florida Public Service Commission Reporter*:  *In re Nuclear Cost Recovery Clause*, 2013 F.P.S.C. 10:149 (Fla. Pub. Serv. Comm'n 2013;

(G)     *Florida Compensation Reports*:  *Whitney v. Mercy Hosp.*, 9 F.C.R. 373 (Fla. Indus. Rel. Comm'n 1976);

(H)    *Florida Division of Administrative Hearings Reports*: *Fla. Real Estate Comm'n v. Warrington*, 39 F.D.O.A.H. 747 (Fla. Real Estate Comm'n 1977);

(I)    *Florida Administrative Reporter*:  *Cockrell v. Comptroller*, 12 F.A.R. 192 (Fla. Comptroller 1979).

**(e)    Florida Constitution.** ~~(Year of adoption should be given if necessary to avoid confusion.)~~When citing a provision that has been repealed, superseded, or amended, provide the year of adoption of the provision or the version thereof being cited.

(1)    Current provision: Art. V, § 3(b)(3), Fla. Const.

(2)    Historical provision: Art. V, § 3(b)(3), Fla. Const. (1972).

**(f)    Florida Statutes** ~~(Official)~~**.**

(1)    § ~~350.34, Fla. Stat. (1973)~~48.031, Fla. Stat. (2014).

(2)    § ~~120.53~~120.54, Fla. Stat. (Supp. ~~1974~~1998).

**(g)    Florida Statutes Annotated**. ~~(To be used only for court-adopted rules, or references to other nonstatutory materials that do not appear in an official publication.)~~When citing material other than a section of *Florida Statutes*, provide page numbers.

~~32 Fla. Stat. Ann. 116 (Supp.1975)~~7 Fla. Stat. Ann. § 95.11 (2017).

30 Fla. Stat. Ann. 69-70 (2004).

**(h)    Florida Administrative Code.**  When citing an administrative rule that has been repealed, superseded, or amended, provide the year of adoption of the provision or the version thereof being cited.

Fla. Admin. Code R. 62D-2.014.

Fla. Admin. Code R. 62D-2.014 (2003).

**(~~h~~i)    Florida Laws.** ~~(Cite if not in Fla. Stat. or if desired for clarity or adoption reference.)~~

(1)　　After 1956: Ch. 74-177, § 5, ~~at 473,~~ Laws of Fla.

(2)　　Before 1957: Ch. 22000, Laws of Fla. (1943).

**(~~i~~j)　Florida Rules.** When citing a rule that has been repealed, superseded, or amended, provide the year of adoption of the rule or the version thereof being cited.

(1)　　Florida Rules of Civil Procedure: Fla. R. Civ. P. 1.180.

(2)　　Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators: Fla. R. Civ. P.–S.V.P. 4.010.

(3)　　Florida Rules of Judicial Administration: Fla. R. Jud. Admin. 2.110.

(4)　　Florida Rules of Criminal Procedure: Fla. R. Crim. P. 3.850.

(5)　　Florida Probate Rules: Fla. Prob. R. 5.120.

(6)　　Florida Rules of Traffic Court: Fla. R. Traf. Ct. 6.165.

(7)　　Florida Small Claims Rules: Fla. Sm. Cl. R. 7.070.

(8)　　Florida Rules of Juvenile Procedure: Fla. R. Juv. P. 8.070.

(9)　　Florida Rules of Appellate Procedure: Fla. R. App. P. 9.100.

(10)　Florida Rules for Certified and Court-Appointed Mediators: Fla. R. Med. 10.100.

(11)　Florida Rules for Court-Appointed Arbitrators: Fla. R. Arb. 11.010.

(12)　Florida Family Law Rules of Procedure: Fla. Fam. L. R. P. 12.010.

~~Fla. Admin. Code R. 62D-2.014.~~

(13)　Rules Regulating the Florida Bar: R. Regulating Fla. Bar 4-1.10.

(14)   Code of Judicial Conduct: Fla. Code Jud. Conduct, Canon 4B.

(15)   Florida Bar Foundation Bylaws: Fla. Bar Found. ~~By-Laws~~Bylaws, art. 2.19(b).

(16)   Florida Bar Foundation Charter: Fla. Bar Found. Charter, art. III, § 3.4.

(17)   Integration Rule of the Florida Bar: Fla. Bar Integr. R., art. XI, § 11.09 (1981).

(18)   Florida Judicial Qualifications Commission Rules: Fla. Jud. Qual. Comm'n R. 9.

(19)   Florida Standard Jury Instructions, Civil: Fla. Std. Jury Instr. (Civ.) 601.4.

(20)   Florida Standard Jury Instructions, Contract and Business: Fla. Std. Jury Instr. (Cont. & Bus.) 416.12.

(21)   Florida Standard Jury Instructions, Criminal: Fla. Std. Jury Instr. (Crim.) 3.7.

(22)   Florida Standards for Imposing Lawyer Sanctions: Fla. Stds. Imposing Law. Sancs. 9.32(a).

(23)   Rules of the Supreme Court Relating to Admissions to the Bar: Fla. Bar Admiss. R. 3-23.1.

**(~~j~~k)   Florida Attorney General Opinions.**

Op. Att'y Gen. Fla. 73-178 (1973).

**(~~k~~l)   United States Supreme Court.**

(1)   *Sansone v. United States*, 380 U.S. 343 (1965).

(2)   ~~(~~Cite to *United States Reports*, if published therein; otherwise cite to *Supreme Court Reporter*~~, Lawyer's Edition, or United States Law Week, in that order of preference~~. For ~~opinions~~cases not published in these reporters, cite to *Florida Law Weekly Federal*: *California v. Hodari D.*, 13 Fla. L. Weekly Fed. S249 (U.S. Apr. 23, 1991)~~)~~. If not therein, cite to the slip opinion: *Upper Skagit*

- 9 -

*Indian Tribe v. Lundgren*, No. 17-387 (U.S. May 21, 2018). With a slip opinion cite, citations to Westlaw: *Upper Skagit Indian Tribe v. Lundgren*, No. 17-387, 2018 WL 2292445 (U.S. May 21, 2018), or LEXIS: *Upper Skagit Indian Tribe v. Lundgren*, No. 17-387, 2018 U.S. LEXIS 3085 (U.S. May 21, 2018), may also be provided.

**(~~l~~m)  Federal Courts of Appeals.**

(1)     *Gulf Oil Corp. v. Bivins*, 276 F.2d 753 (5th Cir. 1960).

(2)     For ~~opinions~~cases not published in ~~the~~ *Federal Reporter*, cite to *Florida Law Weekly Federal*: *Cunningham v. Zant*, 13 Fla. L. Weekly Fed. C591 (11th Cir. ~~March~~Mar. 27, 1991). If not therein, cite to *Federal Appendix*: *Evans v. McDonald*, 313 F. App'x 256 (11th Cir. 2009).  If not therein, cite to the slip opinion: *Airtran Airways, Inc. v. Elem*, No. 13-14912 (11th Cir. Sept. 23, 2014). With a slip opinion cite, citations to Westlaw: *Murphy v. Dulay*, No. 13-14637, 2014 WL 5072710 (11th Cir. Oct. 10, 2014), or LEXIS: *Murphy v. Dulay*, No. 13-14637, 2014 U.S. App. LEXIS 19311 (11th Cir. Oct. 10, 2014), may also be provided.

**(~~m~~n)  Federal District Courts.**

(1)     *Pugh v. Rainwater*, 332 F. Supp. 1107 (S.D. Fla. 1971).

(2)     For ~~opinions~~cases not published in ~~the~~ *Federal Supplement*, cite to *Florida Law Weekly Federal*: *Wasko v. Dugger*, 13 Fla. L. Weekly Fed. D183 (S.D. Fla. Apr. 2, 1991). If not therein, cite to the slip opinion: *Slay v. Hess*, No. 5:14-cv-264 (N.D. Fla. Oct. 10, 2014).  With a slip opinion cite, citations to Westlaw: *Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 WL 5325291 (S.D. Fla. Oct. 7, 2014), or LEXIS: *Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 U.S. Dist. LEXIS 148468 (S.D. Fla. Oct. 7, 2014), may also be provided.

**(~~n~~o)  United States Constitution.**

(1)     Art. IV, § 2, cl. 2, U.S. Const.

(2)     Amend. V, U.S. Const.

**(~~o~~p)  Other Citations.** ~~When referring to specific material within a Florida court's opinion, pinpoint citation to the page of the Southern Reporter where that material occurs is optional, although preferred.~~ All other citations shall be in the

form prescribed by the latest edition of *The Bluebook: A Uniform System of Citation*, The Harvard Law Review Association, Gannett House, Cambridge, MA 02138. Citations not covered in this rule or in *The Bluebook* shall be in the form prescribed by the *Florida Style Manual* (available at www.law.fsu.edu/lawreview/florida-style-manual) published by the Florida State University Law Review, Tallahassee, FL 32306.

(~~p~~q)   **Case Names.** Case names shall be underscored ~~(or italicized)~~ in text and in footnotes.

## Committee Notes

[No Change]