# Supreme Court of Florida

_____

No. SC16-1062

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, FLORIDA RULE OF CRIMINAL PROCEDURE 3.010, AND FLORIDA RULE OF APPELLATE PROCEDURE 9.440.**

[September 7, 2017]

PER CURIAM.

The Court has for consideration proposed amendments to the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Rules of Appellate Procedure, and the Florida Rules of Juvenile Procedure.[1]  For the reasons explained below, we decline to adopt the proposed amendments, without prejudice to the filing of more individualized and refined proposals.

## BACKGROUND

The Florida Bar's Rules of Judicial Administration Committee, Criminal Procedure Rules Committee, and Appellate Court Rules Committee (Rules Committees) have filed a joint out-of-cycle report proposing amendments to

_____

1. We have jurisdiction.  See art. V, § 2(a), Fla. Const.

Florida Rules of Judicial Administration 2.120 (Definitions), 2.505 (Attorneys), 2.515 (Signature and Certificates of Attorneys and Parties), and 2.516 (Service of Pleadings and Documents); Florida Rule of Criminal Procedure 3.010 (Scope); and Florida Rule of Appellate Procedure 9.440 (Attorneys). See Fla. R. Jud. Admin. 2.140(a)(7) & (e). The Florida Bar's Rules of Judicial Administration Committee and the Bar's Vision 2016 Commission developed the proposed amendments to the Rules of Judicial Administration that modify how counsel appear in a case. The amendments recognize three types of representation by creating the designations of lead counsel (the attorney principally responsible for the representation of a party); additional counsel (coverage and attorneys in a law firm or governmental agency); and limited representation counsel (an attorney for a party or nonparty who provides limited representation). Each type of representation has its own rules for appearance and termination of appearance in a case. A definition of an attorney of record also is proposed, which, according to the joint report, will assist the Florida Courts Technology Commission with the access to court records security matrix. The amendments to the criminal and appellate rules are proposed by the Criminal Procedure and Appellate Court Rules Committees to address any conflicts between the proposed amendments to the Rules of Judicial Administration and those bodies of rules and to provide needed exceptions to the general-application judicial administration rules.

The Rules Committees published their proposals for comment before filing them with the Court and made revisions to the proposals in response to the comments they received. The Board of Governors of The Florida Bar approved all the proposed amendments. After the joint report was filed, the Court published the proposals for comment. The Juvenile Court Rules Committee, the Florida Guardian Ad Litem Program, and the Orange County Clerk of Courts filed comments. The Rules Committees filed a joint response to the comments that offers revisions to the amendments to rule 2.505 (Attorneys) in response to suggestions by the Juvenile Court Rules Committee and concerns raised by the Guardian Ad Litem Program about the use of the proposed counsel designations in delinquency and dependency cases. After being granted leave to do so, the Juvenile Court Rules Committee filed a second comment, in which it proposes an amendment to Rule of Juvenile Procedure 8.000 (Scope and Purpose), which the Board of Governors approved, but which has not been published for comment. The Rules Committees filed a joint response to the second comment stating that the committees have no objection to the proposed amendment to rule 8.000.

## DISCUSSION

After considering the proposed amendments, the comments filed, and the Rules Committees' response and hearing oral argument, we decline to adopt any of the proposed amendments, without prejudice to the filing of more individualized

and refined proposals that accomplish the goals stated in the joint report. As is evident from the comments filed, views expressed at oral argument, and the exceptions to the proposed counsel classifications and attendant procedures that had to be included in the various bodies of rules, how counsel appear in a case and different attorneys' level of involvement in a case vary among practice areas and the different courts throughout this state. While the attempt to develop one body of comprehensive rules that classifies different types of representation and governs how attorneys appear and terminate an appearance in a case is laudable, we believe more refined rules that address these matters for each of the various practice areas should be considered; and there should be more active involvement of and communication between all the affected rules committees before new proposals are finalized.

We also are concerned that the attempt to merge the work of the Vision 2016 Commission concerning limited representation counsel for pro se litigants with the work of the Rules of Judicial Administration Committee in developing classifications and procedures for the lead and additional counsel designations and a definition of attorney of record resulted in confusing procedures when there is both a lead and a limited representation counsel in a case, a situation contemplated by the proposed Committee Note to rule 2.505. See, e.g., proposed new Rules Jud. Admin. 2.505(g)(3)(C) (providing that, during a limited representation, all filed

documents be served on the limited representation counsel and the party, with no mention of serving lead counsel should there be one); 2.516(b)(1)(F) (same); and 2.515(a) (providing an exception to the requirement of having an attorney's signature and certificate for documents filed outside the scope of limited representation counsel's representation, without taking into account a case with both lead and limited representation counsel).

Finally, we also believe that the concerns identified in the joint report about attorneys appearing in a case being recognized as attorney of record for purposes of the clerk's office case maintenance system and remote access to case records as allowed under the Standards for Access to Electronic Court Records and Access Security Matrix can be addressed in a more focused manner with input from the Florida Courts Technology Commission and Florida Association of Court Clerks and Comptrollers. In the meantime, attorneys who wish to have remote access to court records in a given case and to ensure proper e-mail service should file a notice of appearance in any case in which they provide representation.

Accordingly, we decline to adopt the proposed amendments, without prejudice to future proposals in accordance with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., concurs specially with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LAWSON, J., specially concurring.

I write separately to note this Court's appreciation for the many hours of hard work volunteered by members of these committees, as reflected in the rule proposals, and to suggest a refinement that would address my primary concern. That concern, also alluded to in the majority opinion, is potential confusion stemming from use of the "limited representation counsel" designation, with its special rules, in a case where the litigant is represented by other counsel of record. The concerns raised by appellate practitioners, which prompted this change to the original Vision 2016 Commission's proposal, could instead be addressed by adding another designation for "additional special counsel." That designation would apply only when there is already counsel of record and could have its own separate rules that allow the appearance with consent of a sponsoring lead or additional counsel (without the need for a signature by the client). Additional special counsel could then be allowed to withdraw, without leave of court, by filing his or her own notice of withdrawal, or upon notice filed by the sponsoring lead or additional counsel. The additional special counsel designation could also be used to address the practice of "coverage counsel" in criminal cases. The committees may have considered something like this and rejected it for reasons not readily apparent to me. But, this approach would appear to address the valid points made by appellate

specialists retained to provide litigation assistance, and by criminal practitioners, while still implementing the good work of the Vision 2016 Commission aimed at assisting unrepresented litigants.

Original Proceeding – Florida Rules of Judicial Administration, Florida Rules of Criminal Procedure and Florida Rules of Appellate Procedure

Judson Lee Cohen, Chair, Rules of Judicial Administration Committee, Weinstein & Cohen, P.A., Miami Lakes, Florida, Judge Steven Scott Stephens, Past Chair, Rules of Judicial Administration Committee, Thirteenth Judicial Circuit Court, Tampa, Florida, and Amy Singer Borman, Past Chair, Rules of Judicial Administration Committee, Fifteenth Judicial Circuit Court, West Palm Beach, Florida; Landis Vernon Curry III, Chair, Appellate Court Rules Committee, Hill, Ward & Henderson, Tampa, Florida, Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Kynes, Markman & Felman, P.A., Tampa, Florida, and Judge T. Kent Wetherell, II, Past Chair, Appellate Court Rules Committee, First District Court of Appeal, Tallahassee, Florida; Judge Jon Berkley Morgan, Chair, Criminal Procedure Rules Committee, Kissimmee, Florida, H. Scott Fingerhut, Past Chair, Criminal Procedure Rules Committee, H. Scott Fingerhut, P.A., Miami, Florida, and Meredith Charbula, Past Chair, Criminal Procedure Rules Committee, Fourth Judicial Circuit State Attorney's Office, Jacksonville, Florida; and John F. Harkness, Jr., Executive Director, Heather Savage Telfer, and Krys Godwin, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Alan Abramowitz, Executive Director, Dennis W. Moore, General Counsel, Camille A. Frazer, Regional Counsel, and Thomasina Moore, Statewide Guardian ad Litem Office, Tallahassee, Florida; David Margolis, General Counsel, Nicholas A. Shannin, Former General Counsel, and Tiffany Moore Russell, Clerk of Courts in and for Orange County, Orlando, Florida; Kara Ann Felton, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, and Ward Lee Metzger, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     Responding with comments