PER CURIAM.
 

 The Florida Bar's Appellate Court Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Rules of Appellate Procedure (Rules).
 
 See
 
 Fla. R. Jud. Admin. 2.140(b). We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 The Committee proposes a new rule, as well as a number of amendments to existing appellate rules and forms.
 
 [1]
 
 The Board of Governors of The Florida Bar unanimously approved the proposals. The Committee published the proposed amendments in
 
 The Florida Bar News
 
 before submitting them to the Court. It received four comments; in response to these comments, the Committee revoked several of its original proposals and revised one proposal.
 

 After the Committee's report was filed with the Court, the Court published the amendments for comment. We received comments from the chief judges of the Sixteenth Judicial Circuit and the Second Judicial Circuit, and from attorney Ellie Bertwell, the rules attorney for Aderant CompuLaw. The Committee filed a response to the comments; in some instances, the response included revised rule proposals.
 

 The Court held oral argument on the proposed amendments.
 

 After fully considering the Committee's proposals, the comments, the Committee's response, and the issues discussed at oral argument, we adopt the majority of the Committee's proposed amendments, with some revisions, as discussed in this opinion. However, as addressed below, we decline to adopt, at this time, the Committee's proposal to amend rule 9.030(c) (Jurisdiction of Courts; Jurisdiction of Circuit Courts) to add new subdivision (c)(4) (Panels), requiring that matters within the circuit court's jurisdiction under rule 9.030 be considered by a panel of three judges, and we direct that a special workgroup be established to further study this important issue. We discuss the new rule and the more significant rule amendments below.
 

 AMENDMENTS
 

 First, we amend rule 9.020 (Definitions) to delete existing subdivision (h) (Applicability of Florida Rules of Judicial Administration); this provision will now be included in rule 9.010, renamed "Effective Date; Scope; Applicability of Florida Rules of Judicial Administration." Also in rule 9.020, we amend subdivision (i), re-lettered as subdivision (h), to reorganize and clarify the definition of the term "Rendition (of an Order)." As amended, subdivision (h) includes new subdivisions (h)(1) and (h)(2). Subdivision (h)(1) (Motions Tolling Rendition) lists the specific motions that, if authorized in a proceeding and if timely filed by a party, toll rendition of an order. We have revised the Committee's proposal in subdivision (h)(1)(E) so that motions for judgment in accordance with a prior motion for directed verdict and motions for arrest of judgment are listed separately in subdivisions (h)(1)(E) and (h)(1)(F). New subdivision (h)(2) (Effect of Motions Tolling Rendition) incorporates existing language describing the effect on the final order when any motion authorized in subdivision (h)(1) is filed in the lower tribunal.
 

 The Committee proposes several amendments to rule 9.030 (Jurisdiction of Courts). The most significant of these is proposed new subdivision (c)(4) (Jurisdiction of Circuit Courts; Panels), which would require that matters within the circuit court's jurisdiction under the rule be considered by a panel of three judges, with the concurrence of two judges necessary to a decision. In proposing this change, the Committee indicates in the report that it conducted substantial research as to appellate practices in most of the circuit courts in Florida. The results of such research indicated that appeals to the circuit court are handled differently across the state-some circuits, for example the Sixth and Eleventh Circuits, require that most or all appeals be heard by a panel of circuit judges, while a number of other circuits do not utilize such panels. The Committee maintains that an appellate rule requiring panels of three judges to decide appeals in the circuit court, similar to the way appeals are heard in the district courts of appeal, would serve as an important safeguard to the rights of litigants; it suggests that such review promotes better decision making, reduces mistakes, eliminates extremes and bias, and promotes stability and fairness.
 

 The Court received comments opposed to the Committee's proposal from the chief judges of the Sixteenth and Second Circuits. The chief judges express concern that a rule
 
 requiring
 
 three-judge panels to hear all appeals in every circuit will result in an increased workload for judges, judicial assistants, and court staff, and would ultimately make the timely disposition of appeals more challenging. They also emphasize that the Committee's proposal here would be particularly burdensome on the smaller or less populous circuits with
 fewer judges. Significantly, we note that the comment from the Chief Judge of the Second Circuit represents that the chief judges from every circuit urge this Court to allow the circuit courts to retain discretion to determine whether or when to utilize appellate panels.
 

 We do find merit in the Committee's argument that appeals to the circuit court should be handled in a more uniform manner across the state. Nonetheless, because we believe this important issue requires further study in order to better accommodate the smaller Florida circuits, we decline the Committee's recommendation to adopt proposed rule 9.030(c)(4) at this time. The Chief Justice shall appoint a special workgroup to study whether the circuit courts should be uniformly required to hear appeals in panels, and to propose appropriate amendments to the Rules of Judicial Administration or the Rules of Appellate Procedure if the workgroup determines that such amendments are necessary. The workgroup shall also consider whether other changes to the process for appellate review of county court decisions would improve the administration of justice and may propose any revisions in the law necessary to implement recommended changes. The workgroup should include members from each judicial conference, the Rules of Judicial Administration Committee, and the Appellate Court Rules Committee.
 

 Next, in rule 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases), we amend subdivision (k) (Review of Partial Final Judgments), as proposed by the Committee, to address the appropriate scope of review of a partial final judgment. Such review may include any ruling or matter that occurred before the notice of appeal was filed, so long as the ruling or matter is directly related to an aspect of the partial final judgment on review.
 

 We amend rule 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders) to authorize two new categories of nonfinal orders that may be appealed to the district courts of appeal. New subdivision (a)(3)(C)(xii) permits appeals of nonfinal orders that determine, as a matter of law, that a settlement agreement is unenforceable, is set aside, or never existed. Additionally, new subdivision (a)(3)(E) permits appeals of nonfinal orders that grant or deny a motion to disqualify counsel.
 

 In rule 9.140 (Appeal Proceedings in Criminal Cases), we amend several subdivisions, as proposed by the Committee, to make clear that attorneys or parties designating portions of the trial proceedings for transcription must serve those designations on the approved court reporter or transcriptionist. We also amend subdivision (f)(5) (Record; Return of Record) to provide for the return to the lower tribunal of any portions of the appellate record that were not electronically filed. And we amend subdivision (f)(6) (Record; Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) ), as proposed by the Committee, to incorporate motions for rehearing in the provisions addressing transmission of a supplemental record for postconviction proceedings pursuant to Rule of Criminal Procedure 3.800(b)(2). However, we decline to adopt the Committee's proposed amendments to subdivisions (c)(3) (Appeals by the State; Commencement) and (d)(1) (Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State). The Committee indicates it proposes amendments to these subdivisions to avoid conflict with amendments to Rule of Judicial Administration 2.505 (Attorneys) proposed in a
 separate case,
 
 In re Amendments to the Florida Rules of Judicial Administration, Florida Rule of Criminal Procedure 3.010, and Florida Rule of Appellate Procedure 9.440
 
 ,
 
 225 So.3d 220
 
 (Fla. 2017). In that case we declined to adopt amendments to various court rules that would have allowed for the designation of lead counsel, additional counsel, or limited representation counsel. Accordingly, we also decline to adopt the Committee's proposals here to amend subdivisions (c)(3) and (d)(1) of rule 9.140.
 

 In rule 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services), we adopt new subdivision (c)(3) (Stay of Proceedings; Review), as proposed by the Committee, to address review of orders entered by the lower tribunal granting or denying a stay pending appellate review. We also amend subdivision (g)(3)(B) (Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings; Briefs; Times for Service) to add language addressing the time for serving responsive briefs when one or more initial or answer briefs are filed in a case. We have revised the Committee's proposal in this subdivision to make clear that in any appeal or cross-appeal, if more than one initial or answer brief is authorized, the responsive brief shall be served within twenty days after the last initial brief or within ten days after the last answer brief was served; if the last authorized initial or answer brief is not served, the responsive brief shall be served within twenty days after the last authorized initial brief or within ten days after the last authorized answer brief could have been timely served.
 
 [2]
 
 Also in rule 9.146, we amend subdivision (g)(4)(B) (Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings; Motions; Motions to Withdraw as Counsel), as proposed by the Committee, to require attorneys, following an order granting a motion to withdraw as counsel for an indigent parent, to file a notice with the court certifying that counsel has forwarded a copy of the record and transcripts to the indigent parent or that counsel is not able to locate the parent after making a diligent effort to do so.
 

 We next amend rule 9.210 (Briefs) to add a new subdivision (a)(6) (Generally) requiring that, when an attorney is representing more than one party in an appeal, the attorney may only file one initial or answer brief and one reply brief, if a reply brief is authorized, that includes arguments as to all of the parties the attorney represents in the appeal. A single party responding to multiple briefs, or a single party represented by multiple attorneys, is similarly limited to one initial or answer
 brief and one reply brief. We also amend subdivision (f) (Times for Service of Briefs), as proposed by the Committee in its response to comments, to provide that in any appeal or cross-appeal where more than one initial or answer brief is authorized, the responsive brief shall be served within twenty days after the last initial or answer brief was served; if the last authorized initial or answer brief is not served within the time allowed, the responsive brief shall be served within twenty days after the last initial or answer brief could have timely been served.
 

 In rule 9.330 (Rehearing; Clarification; Certification), we have substantially reorganized subdivision (a) (Time for Filing; Contents; Response) in order to more clearly outline the requirements for motions for rehearing, clarification, certification, or a written opinion. The existing language in this subdivision is incorporated into three new subdivisions: subdivision (a)(1) (Time for Filing), subdivision (a)(2) (Contents), and subdivision (a)(3) (Response). New subdivision (a)(2) includes four subdivisions describing the requirements for each type of motion authorized in this rule. In subdivision (a)(2)(C) (Motion for Certification), we add new language requiring that a motion for certification set forth the cases that the filer asserts expressly and directly conflict with the court's order or decision or set forth the issue or question to be certified as one of great public importance. Additionally, in subdivision (a)(2)(D) (Motion for Written Opinion), we add language authorizing motions seeking a written opinion on the grounds that an opinion would provide either a legitimate basis for review by this Court; an explanation for an apparent deviation from precedent; or guidance to the parties or a lower tribunal when the same issue is also present in other cases pending before the court or another district court of appeal, when the issue is expected to recur in future cases, when there are conflicting decisions from lower tribunals, when the issue is one of first impression, or when the issue arises in a case where the court has exclusive subject matter jurisdiction.
 

 Also, in rule 9.330, we amend subdivision (b) (Limitation), as proposed by the Committee, to require that parties file just one document incorporating any and all motions under this rule that may be appropriate in the case, rather than separate documents for each motion. We also add a new subdivision (e) (Application). This subdivision provides that the provisions of rule 9.330 apply only to appellate orders or decisions that adjudicate, resolve, or otherwise dispose of an appeal, original proceeding, or motion for appellate attorneys' fees; the rule does not limit a court's inherent authority to reconsider nonfinal appellate orders and decisions.
 

 In rule 9.360 (Parties), we amend subdivision (a) (Joinder) and add a corresponding committee note to recharacterize the term "joinder" as "joinder for realignment as appellant or petitioner." Subdivision (a) is now titled "Joinder for Realignment as Appellant or Petitioner." We also adopt the other amendments to rule 9.360 as proposed.
 

 We adopt a new rule 9.380 (Notice of Related Case or Issue), which provides that a party is permitted to file a notice of related case or related issue, informing the court of a pending, related case arising out of the same proceeding in the lower tribunal or involving a similar issue of law. The notice shall include only information identifying the related case and shall not contain argument. It must be in the format prescribed in proposed new form 9.900(k) (Notice of Related Case).
 

 In rule 9.400 (Costs and Attorneys' Fees), we amend subdivision (b) (Attorneys' Fees) to address the time for filing a motion for attorneys' fees in discretionary
 review proceedings in this Court. New subdivision (b)(3) provides that in discretionary review proceedings under rule 9.030(a)(2)(A) in which jurisdictional briefs are permitted, a motion for attorneys' fees shall be served not later than the time for serving the respondent's brief on jurisdiction, or if jurisdiction is accepted, the time for serving the reply brief. New subdivision (b)(4) provides that in discretionary review proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), the motion for attorneys' fees shall be served not later than five days after the filing of the notice, or if jurisdiction is accepted, the time for serving the reply brief.
 

 Finally, we amend rule 9.420 (Filing; Service of Copies; Computation of Time) in subdivision (c) (Method of Service) to authorize parties to serve the initial document in an appeal electronically in conformity with the requirements of Florida Rule of Judicial Administration 2.516(b).
 
 [3]
 
 Petitions invoking a court's original jurisdiction under rules 9.030(a)(3), (b)(3), or (c)(3) shall be served both by e-mail, pursuant to Rule of Judicial Administration 2.516(b)(1), and in paper format, pursuant to Rule of Judicial Administration 2.516(b)(2).
 

 CONCLUSION
 

 Accordingly, we amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2019, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
 

 PARIENTE, J., concurs in part and dissents in part with an opinion.
 

 LEWIS, J., concurs in part and dissents in part with an opinion.
 

 The report also proposed substantial amendments to rule 9.800 (Uniform Citation System). On May 31, 2017, the Court issued an order severing those proposals from the instant case; they have been considered in
 
 In re Amendments to Florida Rule of Appellate Procedure 9.800
 
 , No. SC17-999,
 
 257 So.3d 91
 
 ,
 
 2018 WL 5289343
 
 (Fla. Oct. 25, 2018).
 

 Rule 9.146(g) (Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings) outlines special time frames that apply to appeals from final orders in dependency and termination of parental rights cases. Subdivision (g)(3)(B) directs that the initial brief be served within twenty days after service of the record on appeal or the index to the record on appeal, the answer brief within
 
 twenty
 
 days of service of the initial brief, and the reply brief within
 
 ten
 
 days after service of the answer brief. The Committee's first proposal to amend subdivision (g)(3)(B) incorporated similar time frames. The Committee later submitted a revised proposal in response to comments. While we generally approve the Committee's revisions, the revised proposal would have allowed twenty days, rather than ten, to serve a reply brief. In order to maintain consistency with other provisions in rule 9.146(g)(3)(B), we have revised the Committee's proposal such that parties are allowed twenty days to respond after the last initial brief, and ten days to respond after the last answer brief.
 

 We have revised the Committee's proposal to refer specifically to requirements for electronic service in Rule of Judicial Administration 2.516(b).