# Supreme Court of Florida

_____

No. SC20-1564

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE.**

June 10, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla. Const. With slight modification, we adopt The Florida Bar's Criminal Procedure Rules Committee's (Committee) amendments as proposed.

## BACKGROUND

The Committee filed a report proposing amendments to the following rules: 3.131 (Pretrial Release); 3.220 (Discovery); 3.800 (Correction, Reduction, and Modification of Sentences); 3.9855 (Juror Voir Dire Questionnaire); and 3.987 (Motion for

Postconviction Relief).  The Committee and the Court previously published the proposals for comment, but no comments were received.  As discussed below, we adopt the Committee's amendments as proposed with one modification to rule 3.9855 (Juror Voir Dire Questionnaire).

## AMENDMENTS

First, rule 3.131 (Pretrial Release) is amended to add the term "community control" in subdivision (b)(3) (Hearing at First Appearance—Conditions of Release), to ensure that specific and correct terminology is used to describe pretrial release where other conditions already apply, such as probation, parole, and other posttrial release programs.

Next, we amend rule 3.220 (Discovery) to add a sentence in subdivision (h)(5) (Discovery Depositions; Depositions of Law Enforcement Officers), that requires the prosecuting attorney to provide a physical or email address designated by a law enforcement agency or department for service of a notice of deposition with discovery.  This change is intended to provide

defense attorneys with the most accurate information to effectuate service on law enforcement officers for depositions.

Next, we amend rule 3.800 (Correction, Reduction, and Modification of Sentences) to update subdivision (b)(1)(A) (Motion to Correct Sentencing Error; Motion Before Appeal), to properly cross-reference Florida Rule of Appellate Procedure 9.020, subdivision "Rendition (of an Order)," from (i) to (h).  *See In re Amends. to Fla. R. App. P.—2017 Regular-Cycle Report*, 256 So. 3d 1218, 1219, 1228 (Fla. 2018).

Next, rule 3.9855 (Juror Voir Dire Questionnaire) is amended to add directions at the top of the form to redact the juror's month and date of birth, but retain the year, in compliance with Florida Rule of General Practice and Judicial Administration 2.425(a)(2) (Minimization of the Filing of Sensitive Information; Limitation for Court Filings).  The month and date of birth are used to determine identity and eligibility of the jurors but are also considered sensitive information that should be removed if the forms are filed and could potentially become public record.  The amendment includes a citation to rule 2.425(a)(2).  Because we recently updated the name

of the Florida Rules of Judicial Administration to the Florida Rules of General Practice and Judicial Administration, we also amend the abbreviation to reflect the updated name, which is now abbreviated "Fla. R. Gen. Prac. & Jud. Admin." *See In re Amends. to Fla. Rules of Jud. Admin.—2020 Regular-Cycle Report*, 310 So. 3d 374 (Fla. 2021).

Finally, rule 3.987 (Motion for Postconviction Relief) is amended to clarify the oath requirement for a postconviction motion. This change will make the rule consistent with the oath requirement for postconviction proceedings required by other rules, specifically rule 3.850 (Motion to Vacate; Set Aside; or Correct Sentence). *See In re Amends. to Fla. Rules of Crim. P. & Fla. Rules of App. P.,* 132 So. 3d 734, 738, 746-78 (Fla. 2013).

## CONCLUSION

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rules shall become effective July 1, 2021, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Criminal Procedure

Honorable Angela Cote Dempsey, Chair, Criminal Procedure Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 3.131.    PRETRIAL RELEASE

**(a)    Right to Pretrial Release. [No changes]**

**(b)    Hearing at First Appearance—Conditions of Release.**

(1-2) [No changes]

(3)    In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant's family ties, length of residence in the community, employment history, financial resources, need for substance abuse evaluation and/or treatment, and mental condition; the defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant's release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, community control, parole, or other release pending completion of sentence; and any other facts the court considers relevant.

(4-6) [No changes]

**(c - *l*) [No changes]**

### COMMITTEE NOTES

[No changes]

### COURT COMMENT

[No changes]

**RULE 3.220.     DISCOVERY**

**(a-g)   [No changes]**

**(h)     Discovery Depositions.**

(1-4)   [No changes]

(5)     *Depositions of Law Enforcement Officers*. Subject to the general provisions of subdivision (h)(1), law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the physical address of the law enforcement agency or department, or an e-mail or other address designated by the law enforcement agency or department, 5 days prior to the date of the deposition. Any physical address or e-mail address designated by a law enforcement agency or department for service of notice of deposition shall be provided by the prosecuting attorney with discovery. Law enforcement officers who fail to appear for deposition after being served notice as required by the rule may be adjudged in contempt of court.

(6-8)   [No changes]

**(i-*o*)   [No changes]**

**COMMITTEE NOTES**

[No changes]


**COURT COMMENTARY**

[No changes]

**RULE 3.800.     CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES**

**(a)     [No changes]**

**(b)     Motion to Correct Sentencing Error.** A motion to correct any sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the supreme court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of this sentencing error would benefit the defendant or to correct a scrivener's error.

         (1)     *Motion Before Appeal*. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.

                  (A)     This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(~~i~~h).

                  (B)     [No changes]

         (2)     [No changes]

**(c)     [No changes]**

COMMITTEE NOTES

[No changes]

COURT COMMENTARY

[No changes]

**RULE 3.9855.     JUROR VOIR DIRE QUESTIONNAIRE**

**<u>DIRECTIONS TO CLERKS, ATTORNEYS, AND PRO SE LITIGANTS:</u>**
**<u>Before you file a copy of this form, redact the month and date of the</u>**
**<u>prospective juror's birth in question #1, but retain the year of birth.</u>**
**<u>Fla. R. Gen. Prac. & Jud. Admin. 2.425(a)(2).</u>**

JUROR VOIR DIRE QUESTIONNAIRE

1.     Name and date of birth _____

2.     What city, town or area of the county do you live in?_____

        Zip code _____

3.     Years of residence:      In Florida _____

                                          In this county _____

4.     Former residence _____

5.     Marital status (married, single, divorced, widow, or widower)_____

6.     Your occupation and employer _____

        _____

7.     If you are not now employed, give your last occupation and employer _____

        _____

8.     If married, name and occupation of spouse _____

9.      Have you ever served as a juror before?  yes_____no_____

If yes, civil____  criminal _____

Did the jury reach a verdict?  yes_____no_____

Were you the foreperson?  yes_____no _____


10.     If you have children, give the age, sex and occupation of those children _____
_____
_____


11.     Are you either a close friend or relative of any law enforcement officer?_____
_____


12.     Have you, a close friend, or family member been the victim of a crime?_____
_____


13.     Have you, a close friend, or family member been arrested or accused of a
crime?_____

**RULE 3.987.     MOTION FOR POSTCONVICTION RELIEF**

MODEL FORM FOR USE IN MOTIONS FOR
POSTCONVICTION RELIEF PURSUANT TO
FLORIDA RULE OF CRIMINAL PROCEDURE 3.850

|  |  |  |
|---|---|---|
| | | In the Circuit Court of the _____ Judicial Circuit, in and for _____ County, Florida |

State of Florida,                          )
                                          )
v.                                        )     Criminal Division
                                          )
_____ )     Case No.: _____
        (your name)               )              (the original case number)
                                          )
_____ )

MOTION FOR POSTCONVICTION RELIEF

Instructions — Read Carefully

(1)     This motion must be typewritten or handwritten in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2 by 11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)     Additional pages are not permitted except with respect to the facts that you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate memorandum of law. This memorandum should have the same caption as this motion.

(3)     No filing fee is required when submitting a motion for postconviction relief.

(4)     Only the judgment of one case may be challenged in a single motion for postconviction relief. If you seek to challenge judgments entered in different cases, or different courts, you must file separate motions as to each such case. The single exception to this is if you are challenging the judgments in the different cases that were consolidated for trial. In this event, show each case number involved in the caption.

(5)     Your attention is directed to the fact that you must include all grounds for relief, and all facts that support such grounds, in the motion you file seeking relief from any judgment of conviction.

(6)     Claims of newly discovered evidence must be supported by affidavits attached to your motion. If your newly discovered evidence claim is based on recanted trial testimony or a newly discovered witness, the attached affidavit must be from that witness. For all other newly discovered evidence claims, the attached affidavit must be from any person whose testimony is necessary to factually support your claim for relief. If the required affidavit is not attached to your motion, you must provide an explanation why the required affidavit could not be obtained.

(7)     Your motion must ~~also be submitted under oath and state as follows:~~

~~(a)     that you are the defendant in the cause,~~

~~(b)     that you understand English or, if you cannot understand English, that you have had the motion translated completely into a language that you understand, along with the name and address of the person who translated the motion and a certification from that person that he or she provided you with an accurate and complete translation,~~

~~(c)     that you have either read your motion or had it read to you,~~

~~(d)     that you understand all of its contents,~~

~~(e)     that your motion is filed in good faith, with a reasonable belief~~

~~that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court,~~

~~(f)    that all of the facts stated in your motion are true and correct, and~~

~~(g)    that you are subject to sanctions, whether imposed by the court or administratively by the Department of Corrections, including but not limited to forfeiture of gain time, if your motion is found to be frivolous, malicious, or otherwise made in bad faith or with reckless disregard for the truth.~~ include an oath, under penalties of perjury, that contains the following:

(a)    that you have read the motion or that it has been read to you;

(b)    that you understand the contents of the motion; and

(c)    that all of the facts stated in the motion are true and correct.

(8)    You must also certify, under the threat of sanctions, the following:

(a)    that the motion is being filed in good faith and with a reasonable belief that it is timely filed;

(b)    that the motion has potential merit;

(c)    that this motion does not duplicate previous motions that have been disposed of by the court; and

(d)    that you understand English, or if you cannot understand English, that you have had the motion translated completely into a language that you do understand, along with the name and address of the person who translated the motion and a certification from that person that he or she provided you with an accurate and complete translation.

(9)    When the motion is fully completed, the original must be mailed to the clerk of the court whose address is _____ (county where sentence was imposed) County Courthouse, _____ (address of clerk), or filed through the Florida Courts E-filing Portal, as stated in Florida Rule of Appellate Procedure 9.420.

## MOTION

1.    Name and location of the court that entered the judgment of conviction under attack: _____

_____

2.    Date of judgment of conviction: _____

3.    Length of sentence: _____

4.    Nature of offense(s) involved (all counts): _____

_____

_____

5.    What was your plea? (check only one)

   (a)    Not guilty _____

   (b)    Guilty _____

   (c)    Nolo contendere _____

   (d)    Not guilty by reason of insanity _____

If you entered one plea to one count and a different plea to another count, give details: _____

_____

_____

_____

6.    Kind of trial: (check only one)

      (a)    Jury _____

      (b)    Judge only without jury _____

7.    Did you testify at the trial or at any pretrial hearing?

      Yes_____No _____

      If yes, list each such occasion: _____

      _____

8.    Did you appeal from the judgment of conviction?

      Yes_____No _____

9.    If you did appeal, answer the following:

      (a)    Name of court: _____

      (b)    Result: _____

      (c)    Date of result: _____

      (d)    Citation (if known): _____

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in this court?

      Yes_____No _____

11.   If your answer to number 10 was "yes," give the following information (applies only to proceedings in this court):

(a)  (1)  Nature of the proceeding: _____

_____

　　　　a.  Grounds raised: _____

_____

_____

　　　　b.  Did you receive an evidentiary hearing on your petition, application, motion, etc.?

　　　　Yes_____No _____

　　　　c.  Result: _____

　　　　d.  Date of result: _____

(b)  As to any second petition, application, motion, etc., give the same information:

　　　　(1)  Nature of the proceeding: _____

_____

　　　　(2)  Grounds raised: _____

_____

_____

　　　　(3)  Did you receive an evidentiary hearing on your petition, application, motion, etc.?

　　　　Yes_____No _____

　　　　(4)  Result: _____

- 16 -

(5)     Date of result: _____

12.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in any other court?

        Yes_____No _____

13.    If your answer to number 12 was "yes," give the following information:

        (a)    (1)    Name of court: _____

               (2)    Nature of the proceeding: _____

        _____

        _____

               (3)    Grounds raised: _____

        _____

        _____

               (4)    Did you receive an evidentiary hearing on your petition, application, motion, etc.?

               Yes    _____No _____

               (5)    Result: _____

               (6)    Date of result: _____

        (b)    As to any second petition, application, motion, etc., give the same information:

               (1)    Name of court: _____

               (2)    Nature of the proceeding: _____

- 17 -

_____

_____

      (3)    Grounds raised: _____

_____

_____

      (4)    Did you receive an evidentiary hearing on your petition, application, motion, etc.?

      Yes_____No _____

      (5)    Result: _____

      (6)    Date of result: _____

  (c)    As to any third petition, application, motion, etc., give the same information:

      (1)    Name of court: _____

      (2)    Nature of the proceeding: _____

_____

_____

      (3)    Grounds raised: _____

_____

_____

      (4)    Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes_____No _____

(5) Result: _____

(6) Date of result: _____

14. State concisely every ground on which you claim that the judgment or sentence is unlawful. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and the facts supporting them.

For your information, the following is a list of the most frequently raised grounds for postconviction relief. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that your conviction or sentence is unlawful.

DO NOT CHECK ANY OF THESE LISTED GROUNDS. If you select one or more of these grounds for relief, you must allege facts. The motion will not be accepted by the court if you merely check (a) through (i).

(a) Conviction obtained by plea of guilty or nolo contendere that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(c) Conviction obtained by a violation of the protection against double jeopardy.

(d) Denial of effective assistance of counsel.

(e) Denial of right of appeal.

(f) Lack of jurisdiction of the court to enter the judgment or impose sentence (such as an unconstitutional statute).

- 19 -

(g)     Sentence in excess of the maximum authorized by law.

(h)     Newly discovered evidence.

(i)     Changes in the law that would be retroactive.

A.     Ground 1: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

B.     Ground 2: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

C.     Ground 3: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

D.     Ground 4: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

15.     If any of the grounds listed in 14 A, B, C, and D were not previously presented on your direct appeal, state briefly what grounds were not so presented and give your reasons they were not so presented:

_____

_____

_____

_____

_____

16.     Do you have any petition, application, appeal, motion, etc., now pending in any court, either state or federal, as to the judgment under attack?

        Yes_____No _____

17.     If your answer to number 16 was "yes," give the following information:

        (a)     Name of court: _____

        (b)     Nature of the proceeding: _____

        (c)     Grounds raised: _____

_____

_____

        (d)     Status of the proceedings: _____

_____

18.     Give the name and address, if known, of each attorney who represented you

in the following stages of the judgment attacked herein.

(a)   At preliminary hearing: _____

_____

(b)   At arraignment and plea: _____

_____

(c)   At trial: _____

_____

(d)   At sentencing: _____

_____

(e)   On appeal: _____

_____

(f)   In any postconviction proceeding: _____

_____

(g)   On appeal from any adverse ruling in a postconviction proceeding:

_____

WHEREFORE, movant requests that the court grant all relief to which the movant may be entitled in this proceeding, including but not limited to (here list the nature of the relief sought):

1. _____

_____

_____

_____

_____

_____

_____

2.      Such other and further relief as the court deems just and proper.

OATH

~~Under penalties of perjury and administrative sanctions from the Department of Corrections, including forfeiture of gain time if this motion is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have a reasonable belief that the motion is timely filed. I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion or had the motion read to me, or the foregoing motion was translated completely into a language which I understand and read to me by . . . . . .(name). . . . ., whose address is . . . . . .(address) . . . . . . . , and whose certification of an accurate and complete translation is attached to this motion.~~ Under penalties of perjury, I declare that I have read the foregoing motion, or had it read to me, that I understand the motion's content, and that all of the facts alleged in the motion are true and correct.

/s/_____
Name_____
DC# _____


Certifications and Acknowledgment

I certify that the motion is filed in good faith, that I have a reasonable belief that the motion is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court.

I certify that [choose one]

        I understand English and have read the foregoing motion, or had the

motion read to me; or

       I cannot understand English and the foregoing motion was translated completely into a language that I understand and read to me by .....(name) ...., whose address is .....(address)...., and whose certification of an accurate and complete translation is attached to this motion.

I understand that I am subject to judicial or administrative sanctions, including but not limited to forfeiture of gain time, if this motion is found to be frivolous, malicious, made in bad faith or with reckless disregard for the truth, or an abuse of the legal process.

/s/_____
Name_____
DC#_____

## Certificate of Mailing
### (Must use Certificate of Mailing OR Certificate of Service)

I certify that I placed this document in the hands of ......(here insert name of institution official)........ for mailing to ......(here insert name or names and addresses used for service)........ on ........(date)............

/s/_____
Name_____
Address_____
DC# _____

## Certificate of Service
### (Must use Certificate of Mailing OR Certificate of Service)

I certify that the foregoing document has been furnished to ......(here insert name or names, addresses used for service and mailing addresses)...... by (e-mail) (delivery) (mail) (fax) on ........(date)............

/s/_____
Attorney

Certificate of an Accurate and Complete Translation
(To be used if translation of the motion was necessary.)

I certify that a complete and accurate translation of this motion was provided to the Defendant in this case on .-.-.-.-.(date).-.-.-.-.

/s/_____

Name_____

Address_____

DC# _____