504 So.2d 1377 (1987)
OCEAN CLUB OF PALM BEACH SHORES CONDOMINIUM ASSOCIATION, INC., Petitioner,
v.
ESTATE OF Betty C. DALY, Deceased, by and through Edmund S. DALY, Jr., As Personal Representative, Jean daly and Richard Daly, Respondents.
No. 87-0140.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
*1378 Justus W. Reid of Reid & Ricca, P.A., West Palm Beach, for petitioner.
Theresa A. DiPaola of Ricci & Roberts, P.A., West Palm Beach, for respondents.
DOWNEY, Judge.
Petitioner, Ocean Club of Palm Beach Shores Condominium Association, Inc. (Ocean Club), seeks review by writ of certiorari of an order of the trial court disqualifying petitioner's counsel and directing petitioner to obtain new counsel within thirty days.
The order in question arises out of a wrongful death and negligence action filed by the Estate of Betty C. Daly, Jean C. Daly, and Richard Daly against Ocean Club of Palm Beach Shores Condominium Association, Inc., and Ocean Club of Palm Beach Shores, wherein the defendants were charged with negligence in the drowning death of Betty C. Daly while she was swimming in the ocean adjacent to the property owned by Ocean Club of Palm Beach Shores. The alleged negligence consisted of failing to warn, failing to provide lifeguards and rescue equipment, among other things. Ocean Club answered denying the essential allegations of the complaint and affirmatively alleging comparative negligence on the part of all plaintiffs. In addition, Ocean Club filed a counterclaim against Jean and Richard Daly, alleging that they were the owners of the condominium unit in which Betty C. Daly was a guest at the time of her demise, that Jean and Richard Daly breached their duty to warn Betty of the dangerous condition of the ocean, thereby contributing to her demise. Ocean Club claimed contribution and indemnity from Jean and Richard Daly in the event it is held liable on the claim made by the respective plaintiffs. At this point the plaintiffs moved to disqualify Justus Reid and the firm of Reid & Ricca as counsel of record for Ocean Club because said counsel have appeared as counsel for Ocean Club and Ocean Club has filed a counterclaim against Jean and Richard Daly alleging that they are the owners of the condominium unit in question and, as such, had a duty to warn their guest of dangers one might encounter on the condominium premises. It is further alleged as grounds for disqualification that Jean and Richard, as owners of the condominium unit, are members of Ocean Club of Palm Beach Shores Condominium Association, Inc. Therefore, Jean and Richard Daly conclude that Reid and his law firm have a conflict of interest. The trial judge agreed and entered the order under review.
*1379 We hold that the order in question constitutes a departure from the essential requirements of law and will cause material injury to petitioner throughout the remainder of these proceedings, which injury cannot be adequately remedied by plenary appeal. Thus, the writ of certiorari is the appropriate remedy to review the order in question. Beth S. v. Grant Associates, Inc., 426 So.2d 1008 (Fla. 3d DCA 1983); Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1979).
Reid & Ricca's representation of Ocean Club, the condominium association for all of the unit owners, is not impaired by the fact that the association is involved in litigation against one of the unit owners. Were it otherwise, a condominium association could never retain counsel in such litigation. In representing the association, counsel represents the corporate entity, not the individual unit owners. Thus, there is no conflict of interest to contend with.
Accordingly, the writ of certiorari is granted and the order appealed from is quashed.
WALDEN and STONE, JJ., concur.