745 So.2d 1106 (1999)
Ugo COLUMBO, Petitioner,
v.
Dora PUIG, Respondent.
No. 99-2086.
District Court of Appeal of Florida, Third District.
December 8, 1999.
*1107 Samuel I. Burstyn, Miami; De la O & Marko and Miguel de la O and Tom Rebull, Miami, for petitioner.
Ferrell Schultz Carter Fertel and Martin Greenbaum and Michael J. Schlesinger, Miami, for respondent.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
Ugo Columbo petitions for a writ of certiorari claiming his counsel was erroneously disqualified from representing him. We grant the petition and quash the order under review.
In the underlying lawsuit, Dora Puig sued Colombo for breach of contract, defamation, and intentional infliction of emotional distress. Columbo retained Burstyn as one of his lawyers for this lawsuit. Burstyn intended to depose Puig; Puig objected and moved to disqualify Burstyn. Puig alleged that she would call Burstyn as a witness, that he had an ownership interest in one of the co-defendants, that she perceived him as her employer[1] and that he possessed special knowledge he would use to her disadvantage. The trial court granted Puig's motion to disqualify Burstyn from representing Columbo at Puig's deposition and at the trial. Columbo then filed this petition for Writ of Certiorari.
The trial court erred in disqualifying Burstyn from deposing Puig. According to Puig, Burstyn will likely be a necessary witness at trial. Rule 4-3.7 of the Rules of Professional Conduct provides that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." The key words here are "at a trial." Therefore, it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings. See also ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 89-1529 (1989) (lawyer may take depositions of witnesses and engage in other pre-trial proceedings as long as other requirements of the Rules are met).
In a similar case to this one, a plaintiff in a defamation action sought to disqualify an entire law firm where one attorney would be called as a witness in the trial. Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997). The Fleitman court allowed the disqualification of the one attorney but only from participation at trial. Id. at 38. The court permitted the attorney to participate in proceedings up until the trial and proceedings after the trial. Id. Likewise here, Burstyn should be permitted to represent Columbo in any proceedings before trial and after trial without running afoul of the Rules of Professional Conduct.
Puig's remaining arguments for disqualification do not sway us from this position. Burstyn's ownership interest in a co-defendant does not prejudice Puig. While this financial interest could possibly impair Burstyn's loyalty to Columbo, his client, Columbo has not objected to Burstyn's continued representation. If the client consents after consultation, Rule 4-1.7 permits a lawyer to continue representation where the lawyer's own interests could affect his representation of the client. Puig's view of Burstyn as her boss does not present a legal or ethical basis for disqualification; if this were so, an attorney could never represent herself in any action involving an employee (for example, worker's compensation or unemployment compensation hearings). Burstyn did speak with Puig prior to the initiation of the lawsuit; however, this is not special knowledge possessed only by Burstyn. The communication was placed on record. *1108 Additionally, to disqualify Burstyn for investigating prior to the actual filing of the lawsuit would hinder a lawyer's practice of investigating any potential case for his client.
For the above reasons, we grant the petition and direct the trial court to allow Burstyn to participate in pre-trial, including Puig's deposition, and post-trial proceedings of this cause.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED WITH DIRECTIONS.
NOTES
[1] Puig worked for Columbo and his company as a real estate salesperson. On behalf of the company, Burstyn interviewed Puig, in the presence of a court reporter, as part of the company's internal investigation into Puig's real estate activities.