797 So.2d 1288 (2001)
Robin CERILLO and Robert Delaney, Petitioners,
v.
Richard Beard HIGHLEY and Betty J. Steele, etc., Respondents.
No. 4D01-1705.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
*1289 William G. Crawford, Jr., of McDonald & Crawford, P.A., Fort Lauderdale, for petitioners.
No appearance for respondents.
PER CURIAM.
Petitioners are plaintiffs in a civil action for battery. The trial court granted respondents' motion to disqualify their lawyer because he was a witness to the battery, which occurred in the courthouse. Petitioners seek certiorari, which is the appropriate remedy to quash an order improperly disqualifying counsel. Ocean Club of Palm Beach Shores Condo. Ass'n, Inc. v. Estate of Daly, 504 So.2d 1377 (Fla. 4th DCA 1987).
Petitioners argue that there were other witnesses to the battery and that their counsel will not necessarily be a witness at trial. More to the point is their contention that the fact that counsel may be a witness at trial does not disqualify counsel from participating in pretrial proceedings. As the court explained in Columbo v. Puig, 745 So.2d 1106, 1107 (Fla. 3d DCA 1999):
The trial court erred in disqualifying Burstyn from deposing Puig. According to Puig, Burstyn will likely be a necessary witness at trial. Rule 4-3.7 of the Rules of Professional Conduct provides that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." The key words here are "at a trial." Therefore, it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings. See also ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 89-1529 (1989)(lawyer may take depositions of witnesses and engage in other pre-trial proceedings as long as other requirements of the Rules are met).
See also Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997). We therefore quash the order disqualifying counsel from participating in pre-trial proceedings. He cannot, however, try the case if he will be a witness at trial.
WARNER, KLEIN and STEVENSON, JJ., concur.