PER CURIAM.
Petitioners seek certiorari review of an order disqualifying an attorney and his law firm from representing them upon the motion filed by respondent Michelle T. Lapi, one of the defendants below. This petition arises from litigation concerning the estate of the decedent, George H. Heller, Sr. The *360 attorney serves as both personal representative of the estate and trustee of his trust. The beneficiaries of the trust are plaintiffs in an action to recover assets they claim were obtained from the decedent by two women through undue influence. The order granting one defendant’s motion to disqualify the attorney from representing the plaintiffs is based on the defendant’s unrefuted allegations[1] that the attorney is likely to be a material witness at the trial. We grant the petition in part and deny it in part.
To the extent the order disqualifies counsel from acting as the plaintiffs’ advocate at trial, we deny the petition, concluding that petitioners have not established any departure from the essential requirements of law. See R. Regulating Fla. Bar 4-3.7(a) (precluding lawyer from acting as advocate at a trial where the lawyer likely will be necessary witness on behalf of the client); Larkin v. Pirthauer, 700 So.2d 182 (Fla. 4th DCA 1997). However, we conclude that the order was too broad in not limiting the disqualification to trial advocacy, an issue which petitioners clearly raised below in their reply to the motion. See Columbo v. Puig, 745 So.2d 1106, 1107 (Fla. 3d DCA 1999) (interpreting rule’s key words “at trial” to mean that counsel should be permitted to represent party “in any proceedings before trial and after trial”); Cerillo v. Highley, 797 So.2d 1288 (Fla. 4th DCA 2001) (specifically quashing order disqualifying counsel from participating in pre-trial proceedings); Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997).
Granted in part and denied in part.
SHAHOOD and TAYLOR, JJ., concur.
KLEIN, J., dissents with opinion.

. Petitioners, who did not furnish a transcript of the hearing on the motion, complain that there has been no evidentiary hearing. However, they do not claim to have requested one nor refute Michelle Lapi's representations that it was Petitioners who set her motion to be heard on the court’s motion calender, that she proffered her testimony would be the same as the allegations of her motion, and that Petitioners did not offer contradictory evidence on any material issue.