ON MOTION FOR REHEARING, MOTION FOR WRITTEN OPINION, AND MOTION FOR REHEARING EN BANC
TAYLOR, J.
We grant Petitioner’s Motion for Rehearing and Motion for Written Opinion, withdraw our order issued on June 7, 2013, and substitute the following written opinion in its place.
Petitioner, Phyllis Steinberg, seeks a writ of certiorari to quash the trial court’s order disqualifying her trial counsel. Because the disqualification order departs from the essential requirements of the law, we grant the petition.
Steinberg sued Winn-Dixie Stores, Inc., Equity One Realty & Management FL, Inc. (“Equity One”), and G & I VI South Florida Portfolio SPE LLC (“G & I”) for personal injuries after she tripped and fell near the entrance of a Winn-Dixie store. Equity One managed the shopping center where the store was located. G & I owned the shopping center.
According to the complaint, Steinberg tripped on a hole in the ground where a guardrail had been removed from a handicap access ramp. She suffered a broken tibia and shoulder from the fall and required complex surgery. Shortly after the fall, Steinberg’s attorney, Alan Anchell, and his investigator, Bruce Anchell, visited the site of the incident and spoke with a Winn Dixie manager. The manager made certain statements regarding the trip and fall.
Equity One and G & I noticed the deposition of Steinberg’s trial counsel. The trial judge denied Steinberg’s motion for a protective order and allowed her counsel’s deposition to be taken. At the deposition, Steinberg’s trial counsel testified that a few days after the incident, he spoke with the store manager, Reggie Rigaud, in the presence of his investigator. Rigaud said that about two weeks before the incident, he had removed the railing from the ramp because a customer complained that it was “wobbly.” He placed the removed railing back in the produce area of the store. He did not report the wobbly rail to the property manager. Counsel recalled Rigaud saying, “Damned if you do. Damned if you don’t.”
Rigaud later gave a conflicting account of this conversation in his deposition and denied making these statements. He testified that a customer had complained about the loose railing, but Rigaud denied personally removing it or knowing who removed it or when it was removed. He testified that he did not tell the shopping center owner or property manager about any problem with the railing. Rigaud denied telling anyone that he removed the railing or that he placed it in the produce area. He testified that the railing was placed outside by a dumpster.
Winn Dixie then moved to disqualify Steinberg’s trial counsel, arguing that he *624 was a necessary witness on the subject of a disputed admission by Rigaud and that he was thus prohibited from representing Steinberg at trial by Rule Regulating the Florida Bar 4-3.7. Rule 4-3.7 provides, in relevant part: “A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client.”
Steinberg objected, arguing that Rule 4-3.7 did not apply to disqualify her trial counsel because he was not going to testify on her behalf; he would testify only if called by one of the defendants. Steinberg further argued that her trial counsel was not an essential witness because the investigator was present during the conversation between her counsel and the Winn-Dixie manager, and therefore the investigator could testify concerning the admission. Finally, Steinberg argued that her trial counsel’s anticipated testimony would not be adverse to her and she would waive any conflict should it arise.
The shopping center owner and property manager also deposed trial counsel’s investigator, Bruce Anchell. Anchell testified that he was present during trial counsel’s conversation with the manager and that the manager said he removed the railing. He took contemporaneous notes during the conversation.
Ultimately, a successor judge issued an order disqualifying trial counsel. Petitioner seeks a writ of certiorari to quash the trial court’s order.
Certiorari jurisdiction lies to review an order disqualifying counsel from representing a client at trial. See Ocean Club of Palm Beach Shores Condo. Ass’n v. Estate of Daly, 504 So.2d 1377, 1379 (Fla. 4th DCA 1987). “Disqualification of a party’s chosen attorney is an extraordinary remedy that should be resorted to only sparingly....” Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991) (citing Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986); Pascucci v. Pascucci, 679 So.2d 1311, 1312 (Fla. 4th DCA 1996)). However, to warrant certiorari relief, the trial court’s order disqualifying counsel must constitute a departure from the essential requirements of law. See Kirrie v. Indian River Cnty.Code Enforcement Bd., 104 So.3d 1177, 1179 (Fla. 4th DCA 2012) (citing Broward Cnty. v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995)).
Under Rule Regulating the Florida Bar 4-3.7, Steinberg’s counsel would be barred from representing her only if he was likely to be (1) a necessary witness (2) on her behalf.[1] Here, Steinberg does not intend to call her trial counsel as a witness on her behalf. Moreover, he is not a necessary witness. Essentially, the same facts can be elicited at trial from the testimony of the private investigator, who was present when the store manager was interviewed. A lawyer is not a necessary witness when there are other witnesses available to testify to the same information. *625 Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991) (citations omitted); see also Laura McCarthy, Inc. v. Merrill-Lynch Realty/Cousins, Inc., 516 So.2d 23, 23-24 (Fla. 3d DCA 1987).
Respondents G & I and Equity One argue that the trial court properly entered the disqualification order because they intend to call Steinberg’s attorney as a critical witness in their own behalf to establish that their co-defendant, Winn-Dixie, had the primary responsibility for any negligence — not G & I or Equity One. Respondents contend that trial counsel’s testimony will be adverse to his own client insofar as she is claiming negligence on their part.
In Arcara, we quashed an order of disqualification because the opposing party, rather than the client, intended to call the lawyer as a witness. 574 So.2d at 326. “The requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel.” AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 680 (Fla. 2d DCA 2006); see also Devins v. Peitzer, 622 So.2d 558, 558 (Fla. 3d DCA 1993) (holding that defendant’s announced intention to call plaintiffs counsel as a witness is not a basis for disqualification).
A conflict requiring disqualification, however, could arise if an opposing party called trial counsel as a witness and counsel’s testimony was adverse to the client’s position. See Allstate, 588 So.2d at 295 (noting that, even if the opposing party had called counsel as their witness, there was no showing that the testimony would be “ ‘sufficiently adverse to the factual assertions or accounts of events offered on behalf of the client’ ” (quoting Ray v. Stuckey, 491 So.2d 1211, 1213 (Fla. 1st DCA 1986))). In this case, respondents have not shown that trial counsel’s testimony would be sufficiently adverse to Steinberg’s position. In any event, Stein-berg has agreed to waive any conflict to have her chosen counsel represent her. See R. Regulating Fla. Bar 4-1.7(b)(4) (“Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if ... each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.”).
Accordingly, we grant the petition for writ of certiorari and quash the order granting disqualification.

Petition Granted.

GROSS and MAY, JJ., concur.

. The Rules Regulating the Florida Bar provide in relevant part as follows:
Rule 4-3.7. Lawyer as Witness (a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
(1)the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered in the case; or
(4) disqualification of the lawyer would work substantial hardship on the client.