DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GARY LIEBERMAN,**
Petitioner,

v.

**KAREN B. LIEBERMAN,**
Respondent.

No. 4D14-509

[November 26, 2014]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. 07-15701 FMCE 41/93.

Lourdes E. Ferrer of the Ferrer Law Group, P.A., Weston, for petitioner.

Kenneth M. Kaplan, Miami, for respondent.

PER CURIAM.

Gary Lieberman, the former husband, petitions for a writ of certiorari seeking review of the trial court's order disqualifying his attorney and current wife, Lourdes Ferrer, from representing him in post-dissolution proceedings involving his former wife, respondent Karen Lieberman. The former wife initially moved to disqualify attorney Ferrer to prevent her from representing the former husband at a hearing on the former wife's contempt motion directed at the former husband. In her motion to disqualify attorney Ferrer, the former wife asserts that Ferrer would be a "material witness" to issues raised in the contempt proceeding. Before the trial court, and now before us, the former wife cites Rule Regulating the Florida Bar 4-3.7(a) which states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client . . . ."

Certiorari jurisdiction lies to review an order disqualifying counsel from representing a client at trial. *Steinberg v. Winn-Dixie Stores, Inc.,* 121 So. 3d 622, 624 (Fla. 4th DCA 2013).

We conclude that the order of disqualification departs from the essential requirements of law because it is not limited to Ferrer's participation during the contempt hearing. As is well established by numerous Florida courts, the fact that Ferrer was a potentially necessary witness at the contempt hearing would not prevent her from serving as the former husband's attorney in other pre-trial, trial, and post-trial proceedings. *See KMS Rest. Corp. v. Searcy, Denney, Scarola, Barnhart & Shipley P.A.,* 107 So. 3d 552, 552 (Fla. 4th DCA 2013) (citing *Graves v. Lapi,* 834 So. 2d 359, 360 (Fla. 4th DCA 2003), and *Cerillo v. Highley,* 797 So. 2d 1288, 1289 (Fla. 4th DCA 2001)).

Under normal circumstances, we would conclude this opinion by simply granting the petition and quashing the trial court's order of disqualification and therein recognize that the order of disqualification was impermissibly overbroad. However, the actions of counsel for the former wife, Kenneth Kaplan, have transformed this "simple" matter into an unnecessary and protracted controversy by the failure of Kaplan to acknowledge clear and unambiguous controlling law directly adverse to his client's position. As such, we are compelled to take the extraordinary but not unprecedented step of awarding appellate attorney's fees as a sanction. *See Santini v. Cleveland Clinic Fla.,* 65 So. 3d 22, 40-41 (Fla. 4th DCA 2011) (awarding appellate attorney's fees as a sanction for a frivolous defense of a "patently erroneous" trial court order), *review denied*, 90 So. 3d 272 (Fla. 2012); *see also Crowley v. Crowley,* 678 So. 2d 435, 440 (Fla. 4th DCA 1996) (recognizing that "attorney's fees may be awarded as a punitive measure where a spouse in a domestic relations case institutes frivolous . . . claims that contribute to unnecessary legal expenses, costs and a delay of the proceedings").

Although the former husband did not cite *KMS, Graves, or Cerillo,* either here or in the trial court, Kaplan had an obligation to concede error based on those cases and the plain language of the rule.

> "[A]ppellate counsel . . . has an independent [] obligation to present . . . the applicable law accurately and forthrightly. This will sometimes require appellate counsel to concede error where . . . the law is clearly contrary to the appellee's position and no good-faith basis exists to argue that it should be changed."

*Boca Burger, Inc. v. Forum,* 912 So. 2d 561, 571 (Fla. 2005). The trial court's order of disqualification did not just prohibit Ferrer from representing the former husband at the contempt hearing; it generally

prohibited her from any further representation of the former husband.[1] The disqualification order is contrary to the plain terms of rule 4-3.7(a), titled "When Lawyer May Testify," which prohibits the lawyer from acting "as *advocate at a trial* in which the lawyer is likely to be a necessary witness on behalf of the client."   R. Regulating Fla. Bar 4-3.7(a) (emphasis added).  The rule does not support general disqualification of counsel.

"Disqualification of a party's chosen counsel is a drastic remedy that should be used sparingly."  *Caruso v. Knight,* 124 So. 3d 962, 963-64 (Fla. 4th DCA 2013).   In addition, "[m]otions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical purposes."  *Manning v. Cooper,* 981 So. 2d 668, 670 (Fla. 4th DCA 2008).

In this case, there was no legal basis for disqualifying Ferrer from representing the former husband in any proceedings subsequent to the contempt hearing.[2]   Therefore, the former wife's counsel, Mr. Kaplan, should have confessed error as to the trial court's general order of disqualification.  Failure to do so was a self-evident violation of counsel's duty to disclose legal authority adverse to his client's legal position and argument.   R. Regulating Fla. Bar 4-3.3(a)(3);[3] *Dilallo ex rel. Dilallo v.*

---

[1]  Ferrer briefly testified for the former husband at a March 28, 2014 hearing in this case, after which the trial court found the former husband in contempt as to certain terms in the parties' marital settlement agreement.  An appeal from that result is pending in this court in case number 4D14-1755.

[2]  Nothing in this opinion should be construed as foreclosing either party from moving to disqualify the other party's attorney based on proper legal grounds.

[3]  The rule provides:

Rule 4-3.3.  Candor Toward the Tribunal

(a) False Evidence; Duty to Disclose.  A lawyer shall not knowingly:

. . .

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel

. . . .

3

*Riding Safely, Inc.,* 687 So. 2d 353, 355 (Fla. 4th DCA 1997) (holding that rule 4-3.3(3) implies a duty to know and disclose adverse legal authority to the courts); *see also* R. Regulating Fla. Bar 4-3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.").

Accordingly, we remand this matter to the trial court to assess the amount of appellate attorney's fees to be imposed as sanction on the former wife for her counsel's baseless defense in this proceeding. *Santini,* 65 So. 3d at 41.[4]

---

[4] Although we grant the petition for writ of certiorari, we are deeply troubled by attorney Ferrer's reply, since stricken, to the response to the petition. Ferrer does not aid her husband (and client's) case by lobbing acrimonious grenades in the form of unprofessional comments directed at opposing counsel and the trial court. We are stunned at Ferrer's disrespectful, offensive, and inflammatory argument directed at the trial judge. For example, Ferrer's reply argues:

> As the record accurately depicts, the multitude of fundamental errors and flagrant abuse of discretion, not only clearly demonstrates a clear departure from the essential requirements mandated by controlling law, but also presents a question as to whether such negligence rises to the level of a reckless and total disregard for justice.

This type of intemperate advocacy has no place in any pleading filed with any court, and serves only to vent Ferrer's emotions. The tenor of Ferrer's reply is one of disrespect, bordering on contempt.

Ferrer's filings in this court, and indeed below, are verbose and unnecessarily digress in excruciating detail into irrelevant matters. An attorney who is too personally involved with the issues in a litigation should consider withdrawing or risk violating ethical duties owed to the client. *See, e.g.,* R. Regulating Fla. Bar 4-1.1 (duty of competence); R. Regulating Fla. Bar 4-2.1 (duty as adviser to exercise independent professional judgment and render candid advice). An attorney's personal involvement with a matter may easily cloud the attorney's judgment and ability to advocate effectively for a client. If Ferrer's filings or her behavior in court were to demonstrate that she was manifestly incapable of complying with court rules or the rules of professional conduct, disqualification might be appropriate on that basis. At this point, the record before us in this proceeding does not establish that this threshold has yet been reached although it is alarmingly close.

*Petition granted and order of disqualification quashed. Remanded for determination of sanctions.*

D<span style="font-variant: small-caps;">AMOORGIAN</span>, C.J., G<span style="font-variant: small-caps;">ROSS</span> and C<span style="font-variant: small-caps;">IKLIN</span>, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

5