Per Curiam.
Petitioner seeks a writ of certiorari directed to a trial court order that disqualified her attorney from representing her in the pending divorce proceedings. Certiora-ri review lies. Lieberman v. Lieberman, 160 So.3d 73 (Fla. 4th DCA 2014). We grant the petition and quash the disqualification order upon accepting respondent’s concession that it is overbroad because it disqualifies counsel from “all aspects” of the case. See R. Regulating Fla. Bar 4-3.7(a) (“A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client ....”) (emphasis added); Lieberman, 160 So.3d at 74 (“As is well established by numerous Florida courts, the fact that Ferrer [attorney and current wife] was a potentially necessary witriess at the contempt hearing would not prevent her from serving as the former husband’s attorney in other pre-trial, trial, and post-trial proceedings.”); see also KMS Rest. Corp. v. Searcy, Denney, Scarola, Barnhart & Shipley P.A., 107 So.3d 552, 552 (Fla. 4th DCA 2013).
Disqualification of a party’s chosen counsel is a drastic remedy that should be used sparingly. Lieberman, 160 So.3d at 75. Here, petitioner’s attorney’s failure to appear for deposition seemingly resulted in *338 the broad order. While respondent asked the trial court to compel counsel to appear for the deposition as an alternative to disqualification, the trial court failed to rule on that portion of the motion. The record furnished, which includes an evidentiary hearing, reveals that the trial court cannot adequately consider the motion to disqualify and its scope until counsel’s involvement in the underlying dissolution of marriage case is clarified. See Quality Air Conditioning, Inc. v. Vrastil, 895 So.2d 1236, 1238 (Fla. 4th DCA 2005); Singer Island Ltd. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998); Nucci v. Simmons, 20 So.3d 388, 391 (Fla. 2d DCA 2009).
Consequently, we quash the order that disqualifies counsel from representing petitioner “in all aspects” of the case. The case is remanded for the trial court to compel counsel’s deposition before it revisits the disqualification issue.

Petition Granted, Order Of Disqualification Quashed, Case Remanded.

Gerber, Levine and Conner, JJ., concur.