NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATHAN LEON GOFF,                    )
                                     )
          Petitioner,                )
                                     )
v.                                   )          Case No. 2D18-3163
                                     )
HEATHER FRANCES GOFF,                )
                                     )
          Respondent.                )
                                     )
_____)

Opinion filed June 26, 2019.

Petition for Writ of Certiorari to the
Circuit Court for Collier County;
Christine Greider, Judge.

Raymond L. Bass, Jr. of Bass Law
Office, Naples, for Petitioner.

Peter S. Adrien of Law Offices of
Adrien & Richards, Hollywood,
for Respondent.


ATKINSON, Judge.

          Nathan Goff, the former husband, petitions for a writ of certiorari seeking

review of the trial court's order disqualifying his attorney, Raymond Bass, from

representing him in a postdissolution proceeding involving his former wife, Heather

Goff. Because the trial court's order departed from the essential requirements of the

law, we grant the petition and quash the order.

The parties were married on May 9, 1999. The former wife filed a petition for dissolution of marriage on February 29, 2016. After a final judgment of dissolution of marriage was entered on July 7, 2017, the former wife filed three postjudgment motions: a Motion to Enforce Final Judgment, a Motion for Assets Awarded, and a Motion for Respondent to Remove Assets. Mr. Bass filed a notice of appearance on behalf of the former husband.

Mr. Bass has known the former husband since he was born and met the former wife while she was dating the former husband. Throughout the years, Mr. Bass has given the parties legal advice regarding various issues. Mr. Bass represented the former husband in a personal injury case that lasted several years. He also represented the former wife in a family-related dispute regarding a debt owed to her by her sister and brother-in-law.

The former wife filed a motion to disqualify Mr. Bass as the former husband's attorney. Her motion was based on rule 4-1.9, Rules Regulating the Florida Bar, which governs conflicts of interests with former clients. In her motion, the former wife alleged that Mr. Bass has confidential information about the parties' finances. The motion also made reference to Mr. Bass being listed as a trial witness for the former husband in the pretrial catalog of the dissolution proceeding.

Mr. Bass responded to the former wife's allegations in an affidavit, alleging that he consulted with the former wife on one occasion on a legal matter that had nothing to do with the dissolution proceeding. Mr. Bass also alleged that he has not obtained any confidential information about any matter involving their marriage. He explained that he was listed as a witness in the dissolution proceeding "for the purpose of establishing the circumstances of how the former husband obtained his home from

his father and his sister following the death of his grandfather." He was neither served with a subpoena nor called to testify at trial.

The trial court conducted a hearing on the former wife's motion. On cross-examination, the former wife admitted that she had made a complete disclosure of her personal finances during the dissolution proceeding. The trial court subsequently entered an order disqualifying Mr. Bass as counsel for the former husband. The trial court relied on Furman v. Furman, 233 So. 3d 1280 (Fla. 2d DCA 2018) and cited to rule 4-1.7 but made no mention of rule 4-1.9, upon which the former wife's motion was based.[1]

"Disqualification of counsel is 'an extraordinary remedy that should be used most sparingly.' " Bon Secours-Maria Manor Nursing Care Ctr., Inc. v. Seaman, 959 So. 2d 774, 775 (Fla. 2d DCA 2007) (quoting Akrey v. Kindred Nursing Ctrs. E., L.L.C., 837 So. 2d 1142, 1144 (Fla. 2d DCA 2003)). Because an order disqualifying counsel denies a party's right to choose one's counsel, it is a material injury that cannot be remedied on appeal. Id. As such, certiorari is the appropriate vehicle to review an order disqualifying counsel.[2] Alto Constr. Co., Inc. v. Flagler Constr. Equip., LLC, 22

---

[1]The trial court's reliance on Furman is misplaced. In Furman, a husband sought review of the disqualification of his attorney based on that attorney's prior involvement in drafting the parties' prenuptial agreement at issue in pending dissolution proceedings—a scenario more amenable to the application of rule 4-1.7. See Furman, 233 So. 3d at 1281–82 (applying rule 4-1.7 to the wife's allegations that the former husband's attorney had a "personal interest in ensuring that the prenuptial agreement is upheld"); see also R. Regulating Fla. Bar 4-1.7(a)(2) (prohibiting representation of a client if "there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer").

[2]However, effective January 1, 2019, an order granting or denying a motion to disqualify counsel is an appealable nonfinal order under recent amendments to Florida Rule of Appellate Procedure 9.130. See In re Amendments, 256 So. 3d 1218 (Fla. 2018).

- 3 -

So. 3d 726, 727 (Fla. 2d DCA 2009) (citing AlliedSignal Recovery Tr. v. AlliedSignal, Inc., 934 So. 2d 675, 677 (Fla. 2d DCA 2006)).

The standard of review for orders disqualifying counsel is whether the trial court abused its discretion. See Young v. Achenbauch, 136 So. 3d 575, 580–81 (Fla. 2014); see also Kaplan v. Divosta Homes, L.P., 20 So. 3d 459, 461 (Fla. 2d DCA 2009). "While the trial court's discretion is limited by the applicable legal principles, the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence." Applied Dig. Sols., Inc. v. Vasa, 941 So. 2d 404, 408 (Fla. 4th DCA 2006). To be entitled to a writ of certiorari, a petitioner must establish that the trial court departed from the essential requirements of law. Furman, 233 So. 3d at 1282.

"[T]he Florida Rules of Professional Conduct provide the standard for determining whether counsel should be disqualified in a given case." Young, 136 So. 3d at 580 (citing State Farm Mut. Auto Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991)). Rule 4-1.9 states:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

"To disqualify an opposing party's counsel, a former client must first demonstrate that he or she had an attorney-client relationship with the lawyer." Galaxy Fireworks, Inc. v. Kozar, 150 So. 3d 256, 257 (Fla. 2d DCA 2014) (citing K.A.W., 575 So. 2d at 633). "If that is established, an irrefutable presumption arises that confidences were disclosed in the relationship." Id. A former client must then demonstrate that the matter in which the attorney is now adverse to him or her "is 'the same or substantially related to' the matter in which [counsel] previously represented him" or her. Id. (quoting K.A.W., 575 So. 2d at 633). "Matters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." Young, 136 So. 3d at 583 (quoting Comment to R. Regulating Fla. Bar 4-1.9).

The matter in which Mr. Bass is now adverse to the former wife is not "the same or substantially related to" the matter in which Mr. Bass previously represented her. Mr. Bass previously represented the former wife in a family-related dispute regarding a debt problem that she had with her sister and brother-in-law. The former wife testified that the extent of Mr. Bass' representation in this matter was sending one demand letter on her behalf. Mr. Bass' representation of the former wife is "wholly distinct" from the postdissolution proceeding against the former husband. See Comment to R. Regulating Fla. Bar 4-1.9 ("[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client."). Thus, the fact that Mr. Bass represented her in the family-related dispute does not preclude him from representing the former husband in the "wholly distinct" postdissolution proceeding.

The former wife emphasizes that Mr. Bass has provided her with unspecified financial advice throughout the years, during which Mr. Bass has obtained confidential information about her finances that the average person would not have and that would give the former husband an advantage over her in the postdissolution proceeding. It is undisputed that the former wife had an attorney-client relationship with Mr. Bass, giving rise to the irrefutable presumption that confidences were disclosed in that relationship. However, the testimony of the former wife reveals that any confidential information that Mr. Bass obtained about her finances had become generally known when she made a full financial disclosure in the divorce case; therefore, no conflict of interest exists. See R. Regulating Fla. Bar 4-1.9(b) (stating that a lawyer who has formerly represented a client in a matter shall not thereafter "use information relating to the representation to the disadvantage of the former client except . . . when the information has become generally known"); see also Comment to R. Regulating Fla. Bar 4-1.9 ("[T]he fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client.").

Furthermore, the trial court's reliance on the fact that Mr. Bass was on the divorce trial witness list is misplaced. Rule 4-3.7(a) governs lawyers and witnesses and provides, in pertinent part:

> A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
> (4) disqualification of the lawyer would work substantial hardship on the client.

- 6 -

(Emphasis added.)  Because the rule only prohibits a lawyer from serving as "trial" counsel for a client where he is likely to be a necessary witness for that client, "it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings."  Columbo v. Puig, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999).  Moreover, "[a] lawyer is not a necessary witness when there are other witnesses available to testify to the same information."  Steinberg v. Winn-Dixie Stores, Inc., 121 So. 3d 622, 624 (Fla. 4th DCA 2013) (citing Allstate Ins. Co. v. English, 588 So. 2d 294, 295 (Fla. 2d DCA 1991)).

Here, Mr. Bass contends that the purpose of his testimony was to explain how title to the property was acquired.  In his affidavit, he stated the following:

> I was informed by the former husband's trial attorney in this action that I would be listed as a witness for the purpose of establishing the circumstances of how the former husband obtained his home from his father and his sister following the death of his grandfather.  I was not served with a subpoena and I was not called to testify at the trial.

Common sense suggests that if Mr. Bass was not even called to testify at the trial, he could not have been a necessary witness.  Yet, even if Mr. Bass did testify at trial as a necessary witness, this would not prevent him from representing the former husband in the postdissolution proceeding.  See KMS Rest. Corp. v. Searcy, Denney, Scarola, Barnhart & Shipley P.A., 107 So. 3d 552, 552 (Fla. 4th DCA 2013) (holding that the trial court's order departed from the essential requirements of the law because it was not limited to disqualifying counsel from representing KMS at trial and stating that "[t]he fact that counsel will be a material witness does not preclude him from participating in proceedings before and after trial"); Cerillo v. Highley, 797 So. 2d 1288, 1289 (Fla. 4th DCA 2001) (quashing order disqualifying counsel because the fact that counsel may be

a witness at trial does not disqualify him from participating in pretrial proceedings); Columbo, 745 So. 2d at 1107 (holding that the fact that counsel might be called as trial witness did not preclude him from acting as advocate at pretrial and posttrial proceedings).

Because the trial court did not apply the appropriate rule for determining whether a conflict of interest exists involving a former client, and because no conflict of interest exists, the trial court departed from the essential requirements of law by disqualifying Mr. Bass from representing the former husband in the postdissolution proceeding. Accordingly, we grant the petition for writ of certiorari and quash the disqualification order.

Petition granted; order quashed.

SILBERMAN and SALARIO, JJ., Concur.