# Third District Court of Appeal
## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0503
Lower Tribunal No. 21-1637
_____

**Rogelio Cordero, etc.,**
Appellant,

vs.

**Rolando A. Cordero,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Bertila Soto, Judge.

The Billbrough Firm, and G. Bart Billbrough, for appellant.

Rosenthal Law Group, and Alex P. Rosenthal and Amanda Jassem Jones (Weston), for appellee.

Before LOGUE, C.J., and HENDON, and GORDO, JJ.

HENDON, J.

Rogelio Cordero ("Appellant"), pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(E), seeks to reverse a non-final order granting his brother's, Rolando Cordero ("Rolando Jr."), motion to disqualify the Appellant's attorney, Gustavo Gutierrez ("Gutierrez"), in the underlying probate dispute. We affirm.

Facts

The Decedent had two sons – the Appellant and Rolando Jr. The Appellant was appointed personal representative of his father's estate. The Decedent's 2018 Will left the entire estate to the Appellant, with no provision made for the Appellant's brother, Rolando Jr. Rolando Jr. filed an adversary proceeding in probate seeking to revoke the Decedent's 2018 Will, alleging lack of capacity and the Appellant's undue influence.

Rolando Jr. asserted that a 2012 Will that split the estate equally between the two brothers was the true will of the Decedent. The attorney who prepared the 2012 Will was Gutierrez. In 2012, Gutierrez assisted the Decedent by also transferring two real properties from the Decedent to the Decedent as a life estate with the remainder interests in Appellant and Rolando Jr., allegedly evidencing the Decedent's intent to divide the estate equally between the two siblings. Rolando Jr. asserted that after 2012, the Decedent's mental capacity declined so that by 2018, he was of such

2

diminished capacity that he did not understand the nature of his assets. Further, Gutierrez had been counsel for Rolando Jr. in several business and personal transactions, and thus had a conflict of interest by representing the Appellant in this estate dispute. Rolando Jr. invoked Rule 4-1.7 (Conflict of Interest, Current Clients), Rule 4-1.9 (Conflict of Interest, Former Client), Rule 4-1.10 (Imputation of Conflicts of Interest; General Rule), and Rule 4-1.13 (Organization as Client), of the Rules Regulating the Florida Bar.

In the Appellant's response to the motion to disqualify he asserted, among other issues, the following affirmative defenses: diminution in value of the Estate; an assertion that the 2018 Will represents the uninfluenced desires of the Decedent with reference to the disposition of his Estate; his assertion that the Decedent had reasons to disinherit Rolando Jr.; denial that the Decedent lacked the testamentary capacity to execute the 2018 Will; and denial that the Decedent was under the undue influence of the Appellant, who did nothing more than perform the duties of a dutiful son. The Appellant's answer also asserted misconduct on the part of Rolando Jr. following a buyout of the family business from former business partners. Appellant alleged that Rolando Jr.'s conduct in the business, as well as his conduct concerning property owned by the Decedent in Costa Rica,

3

disenchanted the Decedent regarding Rolando Jr.'s motivations, resulting in his exclusion from the 2018 Will.

Gutierrez responded that although he had represented the Decedent and Rolando Jr. in various business matters since 2012, he was not involved in the preparation of the 2018 Will and had no knowledge of its contents. Further, Gutierrez asserted that at the time he undertook to represent the Appellant, he was not representing Rolando Jr. in any matter.

In July 2021, the trial court held an evidentiary hearing on the Appellant's motion to disqualify Gutierrez. The parties and Gutierrez testified, and, at the conclusion of the hearing, the trial court denied Rolando Jr's. motion to disqualify Gutierrez. In its order, the trial court stated there was no evidence to support a finding that Gutierrez's prior representations would preclude him from currently representing the Appellant in the will contest litigation.

In November 2021, Rolando Jr. filed an amended complaint, once again alleging the Decedent's lack of capacity and the Appellant's undue influence, and adding a claim to recover assets allegedly misappropriated by the Appellant. The Appellant denied the allegations. Over a year later, Rolando Jr. filed a renewed motion to disqualify Gutierrez, asserting that, through his prior representations in business and personal transactions for

4

the Decedent, and in mediating disputes between the brothers and their father, Gutierrez obtained confidential information that was now being used against him in the probate dispute.  Further, he asserted that Gutierrez had earlier failed to disclose that he would be the Appellant's fact witness in the probate dispute.

On February 15, 2023, the trial court held a non-evidentiary hearing on Rolando Jr.'s renewed motion to disqualify. At that hearing, the Appellant acknowledged that Gutierrez would be called as a necessary witness in the litigation and conceded that Gutierrez could not be the Appellant's trial counsel. The Appellant's other attorney, Mr. Barreto, conceded that under the Rules Regulating the Florida Bar, Gutierrez could not be trial counsel, but argued that Gutierrez should not be disqualified from participating in the litigation as a whole, as he "can prepare and he can work post. The rules are clear. He can sit at the table, but he can't be trial counsel."

After hearing from all the involved parties, the trial court issued its order granting Rolando Jr.'s motion to disqualify. The trial court found that the new information presented to the trial court, that the Appellant would call Gutierrez as a fact witness, precluded Gutierrez's participation in the litigation.  The trial court found, in pertinent part:

The Court finds that Mr. Gutierrez is likely to be a necessary fact witness in this case because he was an integral part of Decedent's estate planning and intimately involved in lawsuits by and against [Corporation] Nema, which are highly relevant issues in this case. During the hearing, Defendant Rogelio [Appellant] conceded that Mr. Gutierrez is a necessary fact witness that [Appellant] intends on calling to testify at trial. The exceptions to Rule 4-3.7(a) do not apply because (1) the testimony would relate to highly contested issues, (2) the testimony will not relate solely to a matter of formality, (3) the testify [sic] will not relate to services rendered in this case, and (4) even though disqualifying Mr. Gutierrez may be a hardship on [Appellant], it is not a substantial hardship because Defendant Rogelio has already had other counsel involved in the case who is more than competent to represent Defendant Rogelio at trial and the trial is being continued for another 6 months. The Court also notes that any hardship to Defendant Rogelio is outweighed by the prejudice to Plaintiff Rolando if Mr. Gutierrez were permitted to continue representing [Appellant].

This appeal ensued.[1]

The Court's standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion. FlexFunds Holdings, LLC v. Rivero, 341 So. 3d 478, 480–81 (Fla. 3d DCA 2022). "We note, however, that "disqualification of a party's lawyer in a civil case is a drastic remedy, [which] must be employed only in limited circumstances." Id. at 481 (quoting Gutierrez v. Rubio, 126 So. 3d 320, 321 (Fla. 3d DCA 2013)).

---

[1] A nonfinal order granting or denying a motion to disqualify counsel is reviewable by appeal. See Fla. R. App. P. 9.130(a)(3)(E); In re Amends. to Fla. R. of App. Proc.-2017 Regular-Cycle Report, 256 So. 3d 1218 (Fla. 2018); Akerman LLP v. MSP Recovery Claims, Series LLC, 338 So. 3d 309 (Fla. 3d DCA 2022).

6

<u>Analysis</u>

"An order disqualifying counsel must be tested against the standards imposed by the Rules Regulating the Florida Bar." <u>Kemp Invs. N., LLC v. Englert</u>, 314 So. 3d 734, 736 (Fla. 5th DCA 2021). One of the grounds the trial court cited for disqualifying Gutierrez was that he would be called as a fact witness. Rule 4-3.7(a) of the Rules Regulating the Florida Bar, Lawyer as Witness, provides:

> (a) <u>When Lawyer May Testify</u>. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
> (4) disqualification of the lawyer would work substantial hardship on the client.

As none of the listed exceptions apply to Gutierrez, the trial court appropriately disqualified him from participating at trial. Case law suggests that the disqualification should be limited to Gutierrez's participation in the trial, rather than the entire case. <u>See</u> <u>Graves v. Lapi</u>, 834 So. 2d 359, 360 (Fla. 4th DCA 2003) (concluding that the order disqualifying counsel was too broad in not limiting the disqualification to trial advocacy, an issue which petitioners clearly raised below in their reply to the motion). Because

7

the rule only prohibits a lawyer from serving as "trial" counsel for a client where he is likely to be a necessary witness for that client, "it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and posttrial (after the judgment is rendered) proceedings." Columbo v. Puig, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999) (interpreting the rule's key words "at trial" to mean that counsel should be permitted to represent party "in any proceedings before trial and after trial"); Goff v. Goff, 276 So. 3d 83, 87–88 (Fla. 2d DCA 2019). Moreover, "[a] lawyer is not a necessary witness when there are other witnesses available to testify to the same information." Steinberg v. Winn-Dixie Stores, Inc., 121 So. 3d 622, 624 (Fla. 4th DCA 2013) (citing Allstate Ins. Co. v. English, 588 So. 2d 294, 295 (Fla. 2d DCA 1991)); Cerillo v. Highley, 797 So.2d 1288 (Fla. 4th DCA 2001) (specifically quashing an order disqualifying counsel from participating in pre-trial proceedings); Fleitman v. McPherson, 691 So. 2d 37 (Fla. 1st DCA 1997).

The Appellant argues that the trial court went too far by disqualifying Gutierrez from representing Rolando Jr. throughout the entire litigation. We disagree. This case also involves application of Rule Regulating the Florida Bar 4-1.9, which prohibits an attorney from representing a new client against a former client if that attorney will (a) represent another person in

8

the same or a substantially related matter in which that person's interests are <u>materially adverse</u> to the interests of the former client unless the former client gives informed consent (which the Appellant did not give); (b) <u>use information relating to the representation to the disadvantage of the former client</u> except as these rules would permit or require with respect to a client or when the information has become generally known; or (c) <u>reveal information relating to the representation</u> except as these rules would permit or require with respect to a client. R. Regulating Fla. Bar 4-1.9 (emphasis added); <u>see</u> <u>State Farm Mut. Auto. Ins. Co. v. K.A.W.</u>, 575 So. 2d 630, 633 (Fla. 1991) (holding a party "seeking to disqualify opposing counsel based on a conflict of interest must demonstrate that (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm [or attorney] subsequently represented the interest adverse to the former client was the same or substantially related[2] to the matter in which it represented the former client.") When these two elements are shown, rule 4–1.9 creates "an irrefutable presumption that confidences were disclosed" between the client and the

---

[2] "Matters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." Comment to R. Regulating Fla. Bar 4–1.9.

attorney. <u>Young v. Achenbauch</u>, 136 So. 3d 575, 583 (Fla. 2014) (quoting <u>K.A.W.</u>, 575 So. 2d at 633–34) (holding a party "seeking disqualification under rule 4–1.9 does not have to demonstrate actual prejudice to the former client as a result of the subsequent representation because the existence of an attorney-client relationship 'giv[es] rise to an irrefutable presumption that confidences were disclosed.'"); <u>see</u> <u>Gaton v. Health Coal., Inc.</u>, 745 So. 2d 510, 511 (Fla. 3d DCA 1999).

In this case, there is no dispute that Gutierrez had an attorney-client relationship with Rolando Jr. and the Decedent for several years, representing both since 2012 in a variety of personal and business matters. Gutierrez prepared the Decedent's 2012 Will and certain trust documents that involved both of his sons; he can testify to the Decedent's conversations and intent regarding his estate planning over these years, and he mediated the business disputes between the parties involving the Decedent's corporation, Nema. All of these issues were raised in the underlying pleadings and appear to be relevant to the current will dispute litigation.

Applying Rule 4–1.9(a) to the circumstances present in this case, it is undisputed that Gutierrez represented Rolando Jr. in the same or a substantially related matter in which Rolando Jr.'s interests are materially

adverse to the interests of the Appellant. Further, under subsection (b) of the rule, through Gutierrez, the Appellant would be able to use information relating to Rolando Jr.'s and the Decedent's representation to Rolando Jr.'s disadvantage. We note that the trial court specifically observed that any hardship to the Appellant was outweighed by the prejudice to Rolando Jr. if Gutierrez were permitted to continue representing the Appellant, and further, that the Appellant had other counsel to represent him. Accordingly, we affirm.

Affirmed.