# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1314
Lower Tribunal No. 21-24436-FC-04
_____

**Clint Phinney,**
Appellant,

vs.

**Christina E. Phinney,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

South Florida Appeals, PA, and Wm. Allen Bonner, for appellant.

Hasbun & Mendoza, P.L.L.C., and Maribel Mendoza and Michelle Hasbun, for appellee.

Before MILLER, BOKOR and GOODEN, JJ.

GOODEN, J.

This case involves important rights in our legal profession: a party's right to counsel of his or her choice and an attorney's right to practice his or her profession. Disqualification of counsel is an extraordinary remedy—one that should be rare. Because we find that this case did not warrant this extraordinary remedy, we reverse and remand.

**I.**

Clint Phinney fell from a ladder and sustained a severe brain injury. He incurred structural damage to his brain which affected the bifrontal and bitemporal regions. This affected his memory, cognitive function, and affect. It also impaired his physical abilities. The injury had a profound effect on his and his family's life. Faced with the strain of being his caregiver, Christina Phinney filed a petition for divorce alleging the marriage was irretrievably broken.

Guardianship proceedings were initiated. Clint was adjudicated incapacitated and found to lack capacity to make informed decisions. His sister, Kara Phinney, Esq., was appointed as his guardian. She was given the powers and duties to sue and be sued, and defend lawsuits.

In the divorce proceedings, Kara, while serving as guardian, filed a limited notice of appearance as counsel for Clint. She first appeared to handle "equitable distribution of marital assets and liabilities, alimony, child

2

support, and discovery issued related to Miami Sites, Inc." She later amended her appearance to "the limited purposes of discovery and mediation."

In her capacity as counsel, she filed motions and participated in discovery. Notably, she filed a motion for summary judgment on financial issues. In support, she executed an affidavit containing information about Clint's finances.

Without citing any rules or other legal authority, Christina Phinney moved to disqualify Kara Phinney as counsel.[1] Christina argued that, by executing the affidavit, Kara became a "material and essential witness." However, after resolving a discovery issue, Christina withdrew her motion.

During this period, Clint Phinney's trial counsel withdrew. Due to the proximity to the final hearing, new trial counsel appeared and filed an urgent motion for continuance. As part of that motion, he explained that Kara was unable to serve as counsel at trial because she was a fact witness. Christina filed her witness list shortly thereafter listing Kara.

At a non-evidentiary hearing on the urgent motion for continuance, the withdrawn motion for disqualification was somehow resurrected. We do not

---

[1] At the time of the filing of the motion, Kara Phinney had appeared as counsel for approximately a year.

3

have a transcript, so we do not know the circumstance of who raised the issue or what objections were lodged. Nevertheless, the trial court granted Christina Phinney's motion to disqualify Kara Phinney as counsel—without limitation as to the phase of the proceedings. The trial court found that this disqualification did not work a substantial hardship on the client since new counsel had already appeared and the court granted the request for a continuance. Clint filed the instant appeal.

## II.

We review orders granting motions to disqualify counsel for an abuse of discretion. <u>Young v. Achenbauch</u>, 136 So. 3d 575, 580 (Fla. 2014). That discretion is abused if the ruling is centered on an erroneous view of the law. <u>McDuffie v. State</u>, 970 So. 2d 312, 326 (Fla. 2007).

## III.

We look to the Rules Regulating the Florida Bar to determine whether counsel should be disqualified. <u>Young v. Achenbauch</u>, 136 So. 3d 575, 580 (Fla. 2014). Starting with the text, Rule 4-3.7 provides:

> **(a)  When Lawyer May Testify.**  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
> > (1)  the testimony relates to an uncontested issue;

4

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar. 4-3.7(a) (2024).

It is evident from this text that the Rule only applies where the lawyer intends to act as an advocate *at trial*.[2] "The key words here are 'at a trial.' Therefore, it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings." Columbo v. Puig, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999). See also Goff v. Goff, 276 So. 3d 83, 88 (Fla. 2d DCA 2019); KMS Rest. Corp. v. Searcy, Denney, Scarola, Barnhart & Shipley P.A., 107 So. 3d 552 (Fla. 4th DCA 2013); Cerillo v. Highley, 797 So. 2d 1288, 1289 (Fla. 4th DCA 2001).

The trial court employed this Rule beyond what the text calls for. See Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 31 (2014) ("A fundamental rule of textual interpretation is that neither

---

[2] There is no dispute between the parties that Kara is a necessary witness and will be testifying on behalf of Clint Phinney.

5

a word nor a sentence may be given a meaning that it cannot bear."). The trial court applied the Rule to all proceedings—without limitation or regard to the phase of the case. This is much too broad. See Furman v. Furman, 233 So. 3d 1280, 1284 (Fla. 2d DCA 2018) ("The circuit court also departed from the essential requirements of law by disqualifying counsel without limiting the order to the trial, if one is held. Rule 4–3.7 specifically refers to trial, and a trial court departs from the requirements of law where it fails to narrow the disqualification to only the necessary proceedings."); Riddle v. Riddle, 211 So. 3d 337, 337 (Fla. 4th DCA 2017) (holding order was "overbroad because it disqualifies counsel from 'all aspects' of the case."); Graves v. Lapi, 834 So. 2d 359, 360 (Fla. 4th DCA 2003) ("[W]e conclude that the order was too broad in not limiting the disqualification to trial advocacy . . . .").

We find that the trial court abused its discretion by disqualifying Kara Phinney. Its decision was based on an erroneous view of the law—which is evident on the face of the record. See Hanna-Mack v. Bank of Am., N.A., 218 So. 3d 971, 973 (Fla. 3d DCA 2017) ("While there is no transcript of those hearings, see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), this is not fatal to appellate review because the errors in the present case are apparent on the face of the record."). While Kara

cannot act as an advocate at trial, she can do so in pretrial and posttrial proceedings.  This is in accord with the text of Rule 4-3.7.

Reversed and remanded.